**Dexter Churchill DAYTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16702.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 13, 1963.

Decided May 29, 1963.

this plea of guilty resulted from coercion brought to bear upon him during the time he was in jail awaiting trial. It is this allegation of coercion which is the central issue presented by appellant's motion. It was denied without hearing by the District Court upon a finding by it that the "files and records of this case conclusively show that the petitioner is entitled to no relief." If this finding was justified, the statute contemplates that the motion may be disposed of without hearing.

■ We affirm the action of the District Court.[1] In doing so we note that the charge of coercion contained in the motion is couched in wholly conclusory terms, and no facts are alleged with respect to the character of the coercion, or when or by whom it was exercised. In this connection we note also that the motion shows that the defendant was in fact represented by counsel for substantially all of the period during which the coercion was said to have occurred and at the time the guilty plea was entered. Although the motion represents that the services of counsel were ineffective, this again is done in the most generalized manner. Moreover, "absence of effective representation by counsel must be strictly construed. It must mean representation so lacking in competence that it becomes the duty of the court or the prosecution to observe it and to correct it." Diggs v. Welch, 80 U.S.App.D.C. 5, 8, 148 F.2d 667, 670 (1945), cert. denied, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002 (1945). The order below is, accordingly,

Affirmed.

Appellant filed a brief pro se and his case was treated as submitted thereon.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, submitted on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM.

■ The appeal here is from the denial by the District Court of a second motion under 28 U.S.C. § 2255. It appears from the motion itself that appellant was first indicted for murder in the first degree in 1929; and that a second indictment was returned against him some six months later to which he entered a plea of guilty of murder in the second degree. Appellant asserts that

1. We do this without reliance upon the provision of § 2255 to the effect that a second motion for the same relief need not be entertained. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). We note, rather, the analogy, in terms of the absence of factual allegations, between the present motion and the earlier motion referred to in Sanders.