Commonwealth ex rel. Blackshear, Appellant, *v.* Myers.

Submitted April 22, 1965.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Willie Blackshear,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant
District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First
Assistant District Attorney, and *James C. Crumlish,
Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, September 29, 1965:
On December 7, 1945, the appellant, Willie Black-
shear, in the presence of court-appointed counsel, plead
guilty generally to an indictment charging him with
the murder of his mother-in-law.[1]   Subsequently, a

---

[1] Blackshear was estranged from his wife. On the occasion in-
volved, he entered the house where he thought she was residing in
an effort to see her. Upon being denied the opportunity, he stabbed
his mother-in-law ten times with an icepick. He did not testify

hearing was held before a three-judge court and he was found guilty of murder in the first degree and sentenced to life imprisonment. No appeal from the judgment was entered.

On November 12, 1964, a petition was filed seeking a writ of habeas corpus which, after answer filed, the lower court dismissed without hearing. An appeal from this order is now before us.

It is urged that appellant's confinement is illegal because his conviction was secured through the use of constitutionally invalid evidence, namely, a statement given to investigating police officers following his arrest. Assuming that the evidence concerned should not have been admitted, this factor would not affect the conviction of murder, but only the finding that he was guilty of murder in the first degree and the sentence entered thereon. The conviction of murder generally resulted from his own guilty plea and not the challenged evidence. The voluntary plea of guilty was in itself the equivalent of a conviction by a jury verdict, and the only duty then imposed upon the court was to determine the degree of guilt and to fix the penalty. See, *Commonwealth ex rel. Dandy v. Banmiller*, 397 Pa. 312, 155 A. 2d 197 (1959), cert. denied 361 U.S. 972 (1960). However, an examination of the record establishes that the finding of the degree of guilt and judgment of sentence should not be disturbed.

Blackshear was taken into custody in his residence about one and a half hours following the commission of the crime. Without hesitation, he admitted the stabbing and told the arresting officers the location of the icepick. Upon being taken to police headquarters, he immediately described his actions before, and at the

---

under oath at trial, but at the time of sentence offered his explanation of the occurrence. He stated he had been drinking intoxicants to excess and temporarily lost control of his mind and actions.

time of, the killing. His statement was reduced to writing, signed by him and later read into the trial record. Before making the statement, he was advised that anything he said would be used against him in court, but the record does not establish that he was then warned of his constitutional right to remain silent, or offered the assistance of counsel. Nevertheless, the evidence involved was admitted of record without any objection being voiced thereto and without the slightest suggestion at any stage of the proceeding that it should be rejected. Under the circumstances, the admissibility question cannot now be successfully asserted in this collateral action. See, *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481 (1965), and *Commonwealth ex rel. Pomales v. Myers,* 418 Pa. 369, 211 A. 2d 483 (1965). See also, *United States ex rel. Reid v. Richmond,* 295 F. 2d 83 (2d Cir. 1961), cert. denied 368 U.S. 948 (1961). To permit the appellant, nineteen years after his trial, to interpose for the first time a challenge to evidence offered therein, even though it is now asserted that it was constitutionally tainted, would seriously and unduly jeopardize orderly court process and the finality of judgments.

It should be noted also that while appellant's court explanation of the occurrence included greater detail, it dovetailed substantially with his description given to the police. Also, while it does not appear what, if any, weight the trial court gave the appellant's police admissions in making its adjudication, the trial testimony of three eyewitnesses to the tragedy was more than ample to sustain the finding of the degree of guilt and the imposition of sentence.

The writ was properly denied.

Order affirmed.

Mr. Justice COHEN concurs in the result.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur with the majority except insofar as the petition presents an issue under *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964). I think that the disposition of that question is governed by the considerations which I stated in my concurring opinion in *Commonwealth ex rel. Johnson v. Myers,* 419 Pa. 155, 158, 213 A. 2d 359, 361 (1965).

Mr. Justice MUSMANNO joins in this opinion.