Commonwealth ex rel. Johnson, Appellant, *v.* Myers.

Submitted May 24, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

156

*Charles E. Johnson,* appellant, in propria persona.

*Herbert A. Schaffner,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, September 29, 1965:

On March 21, 1958, the appellant, Charles E. Johnson, was convicted by a jury of murder in the second degree. At trial, he was represented by counsel retained by his family. No post trial motions were filed, and on March 27, 1958, the court sentenced him to serve an indeterminate term in a state correctional institution for a period of not less than ten and not more than twenty years. No appeal from the judgment was entered.

On November 13, 1964, an action in habeas corpus was instituted which the lower court dismissed without hearing.[1] An appeal to this court followed.

The basic reason urged in attacking the legality of the conviction and confinement and in support of the issuance of the writ is that two statements given by Johnson to police investigating officers following his arrest, which were reduced to writing and admitted in evidence at trial, were allegedly coerced and obtained in violation of his constitutional rights at a time when he was without the assistance of counsel.

An examination of the trial record discloses that the statements involved were admitted of record not only without objection, but also with the express consent of appellant's counsel. Also, at no time during the trial was it even hinted that the statements were

[1] Similar actions were previously instituted and dismissed.

coerced or not freely given. The appellant personally testified, and a study of his testimony fails to indicate the slightest suggestion of coercion.

Under such circumstances, appellant's belated objection to the admissibility of this evidence cannot be successfully asserted in this collateral action: *Commonwealth ex rel. Blackshear v. Myers*, 419 Pa. 151, 213 A. 2d 378 (1965), and *Commonwealth ex rel. Adderley v. Myers*, 418 Pa. 366, 211 A. 2d 481 (1965). Nor is any further proceeding necessary concerning the voluntariness of the statements, as dictated by *Jackson v. Denno*, 378 U.S. 368 (1964). See, *Commonwealth ex rel. Fox v. Maroney*, 417 Pa. 308, 207 A. 2d 810 (1965).

Additionally, the record affirmatively discloses that every possible constitutional right of the appellant was protected at the time of the police questioning. According to the Commonwealth's evidence, before the statements involved were obtained, the appellant was advised "that he need not say anything, and that if he did say anything it could be used against him in a court trial". He was also told that he had the right to consult an attorney before making any statement. This testimony was uncontradicted.[2]

Appellant's present contention that he had an absolute right to the presence and advice of counsel at the time of the interrogation is without merit. See, *Jackson v. United States*, 337 F. 2d 136 (D.C. Cir. 1964), and *Crooker v. California*, 357 U.S. 433 (1958). If an individual under police interrogation knowingly rejects the assistance of counsel after having been ef-

---

[2] Furthermore, appellant's written and signed statements each included the following affirmation: "I, Charles Ellsworth Johnson, . . . being advised that I need not make any statement about any crime with which I may be charged unless I desire to do so, do hereby make the following voluntary statement of my own free will. . . . I have also been advised that I have the right to consult an attorney before I make this statement."

fectively warned of this right, he is not denied "the assistance of counsel" guaranteed by the Sixth Amendment to the United States Constitution. See, *Escobedo v. Illinois*, 378 U.S. 478 (1964).

Appellant's additional contention that the police interrogator's warning that "he need not say anything" did not effectively inform him of his constitutional right to remain silent is likewise devoid of any semblance of merit.

The action was properly dismissed.

Order affirmed.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the result reached by the majority. However, since this Court has today in *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965), refused to give retrospective application to *Escobedo v. Illinois*,\* *Negri* rules the instant case and makes further discussion of the right to counsel issue presently unnecessary. Although I dissented from the holding in *Negri*, that decision binds this Court until overruled. See *Commonwealth ex rel. Corbin v. Myers*, 419 Pa. 139, 144, 213 A. 2d 356, 358 (1965) (concurring opinion).

Mr. Justice MUSMANNO joins in this opinion.

---

\* 378 U.S. 478, 84 S. Ct. 1758 (1964).