Commonwealth ex rel. Knowles, Appellant, *v.*
Rundle.

Submitted April 23, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph Knowles,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, October 13, 1965:

In 1946, appellant-petitioner was convicted of murder in the first degree by a three-judge court following a hearing on a plea of guilty to the general charge of murder. He challenged this conviction by a petition for a writ of habeas corpus which was dismissed without hearing.

At the plea proceedings, at which time petitioner was represented by counsel, a confession made by petitioner was introduced without objection. Petitioner presently contends that the confession was obtained in violation of the rule enunciated in *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), and his conviction,

therefore, constitutionally tainted. He further alleges the inadmissibility of the confession on the separate ground that it was involuntary. Finally, petitioner alleges a pretrial deprivation of the right to counsel on the basis of the decision in *White v. Maryland,* 373 U.S. 59, 83 S. Ct. 1050 (1963).

This Court having concluded in *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965), that the mandate of *Escobedo* is not to be given retrospective application, *Negri* is here controlling and bars petitioner's reliance on *Escobedo.*

With regard to petitioner's challenge on the basis of *White,* the record fails to disclose the occurrence of anything at the preliminary hearing which affected the subsequent proceedings so as to transform that hearing into a critical stage for which counsel was required. Cf. *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965).

In the plea proceedings, defense counsel did not object to the admission of the confession. Moreover, petitioner took the stand and testified to substantially the same facts recited in the confession. These factors bring the instant case within the rulings of this Court in *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A. 2d 789 (1965); *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965), and preclude the issuance of the writ on the ground asserted. See also *Henry v. Mississippi,* 379 U.S. 443, 85 S. Ct. 564 (1965); *United States ex rel. Reid v. Richmond,* 295 F. 2d 83 (2d Cir.), cert. denied, 368 U.S. 948, 82 S. Ct. 390 (1961).

Order affirmed.

Mr. Justice COHEN dissents.