Commonwealth ex rel. Riddle, Appellant, *v.* Maroney.

Argued September 29, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Milton W. Rosen,* for appellant.

*Harry W. Gent, Jr.,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 9, 1965:

This is an appeal from the dismissal of a petition for a writ of habeas corpus seeking appellant's release from prison on the grounds (1) that the day after he was arrested he made a confession to the police when he was not represented by counsel and (2) that a plea of guilty was entered at his preliminary hearing before an alderman.

Robert Warren Mays, a 66 year old recluse, was the victim of a brutal beating on July 22, 1959. He died two days later in the hospital.

On March 14, 1960, Jerald E. Riddle, Jr., the appellant, was taken into custody for questioning by the State Police. On the next day, following the administration of a lie detector test, appellant signed a statement implicating himself in the crime. He was fully advised that the statement would be used against him at trial. Near the end of the statement he said he had neither asked for nor been refused counsel. This statement was in fact used against appellant at his trial.

Two days later, on March 17, 1960, appellant pleaded guilty to homicide at a preliminary hearing before an alderman. At that hearing, he was not represented by counsel and did not request counsel, but was advised of his right to counsel, which he refused.

In August, 1960, appellant entered a guilty plea in open Court while represented by counsel. On January 9, 1961, this plea was changed to not guilty.

A jury trial followed in April and May of 1961, which resulted in a second degree murder conviction. At the trial, appellant not only implicated himself in the murder by his own testimony, but during direct examination by one of his own attorneys, testified that he had entered a guilty plea before the alderman. The Commonwealth did not introduce the guilty plea into evidence.

The issues presented are whether appellant's rights were violated by (1) the entry of a guilty plea at a preliminary hearing when appellant was without counsel and had refused counsel, (2) the introduction of the guilty plea into evidence at his murder trial, not by the Commonwealth, but by appellant himself, or (3) the introduction into evidence of a confession obtained when appellant was without counsel, but had been informed that any statement he made would be used against him at his trial.

*White v. Maryland,* 373 U.S. 59, 10 L. Ed. 2d 193, 83 S. Ct. 1050 (1963), is not applicable. There, White's guilty plea, although made without counsel, was introduced into evidence *by the State;* here, by appellant while represented by counsel.

Furthermore this Court has held that the preliminary hearing in Pennsylvania is not the "critical stage" required by the United States Supreme Court in *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964) for the grant of the writ. *Commonwealth ex rel. Ward v. Russell,* 419 Pa. 240, 213 A. 2d 628 (1965); *Commonwealth ex rel. White v. Myers,* 419 Pa. 244, 213 A. 2d 662 (1965); *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965).

We find no merit in any of appellant's contentions.

Order affirmed.