## Commonwealth ex rel. Swiger, Appellant, *v.* Maroney.

Submitted September 29, 1965. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bacil Swiger,* appellant, in propria persona.

*William R. Balph, Jr.,* Assistant District Attorney, and *Kenneth E. Fox, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 4, 1966:

On September 11, 1952, the appellant, Bacil Swiger, while represented by counsel, plead guilty generally to an indictment charging him with the crime of murder. After a hearing of three days' duration, the court adjudged him guilty of murder in the first degree, and on November 5, 1952, imposed a sentence of life imprisonment. No appeal from the judgment was entered.

On February 8, 1965, Swiger instituted an action of habeas corpus which the lower court subsequently dismissed without hearing. This appeal followed.

During the plea proceedings, a confession made by Swiger to investigating officers was introduced in evi-

dence by the Commonwealth. Swiger now contends that the confession was obtained in violation of his constitutional rights, citing, *Escobedo v. Illinois,* 378 U.S. 478 (1964).

An examination of the record discloses that before the confession involved was made, Swiger was warned in clear language that he didn't have to answer any questions, was free not to say anything, and in the event he did make any statements the same could be used against him in court. The record also discloses that the confession was introduced without objection, and that it was substantially similar to Swiger's own testimony at the hearing to determine the degree of guilt. Under these facts, appellant's belated objections to the admission of the confession are without merit. See, *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481 (1965); *Commonwealth ex rel. Pomales v. Myers,* 418 Pa. 369, 211 A. 2d 483 (1965); and *Commonwealth ex rel. Johnson v. Myers,* 419 Pa. 155, 213 A. 2d 359 (1965).

Swiger also complains that he was unrepresented by counsel at the preliminary hearing before the committing magistrate. At this hearing, he plead "not guilty", and the record fails to disclose anything in connection therewith that would transform the proceedings into a critical stage which would require the presence of counsel. See, *Commonwealth ex rel. Knowles v. Rundle,* 419 Pa. 300, 213 A. 2d 635 (1965).

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.