Commonwealth ex rel. Mullenaux, Appellant, *v.* Myers.

Submitted September 29, 1965.  Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Donald Grover Mullenaux,* appellant, in propria persona.

*W. Bertram Waychoff,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 22, 1966:

In 1946, appellant, Donald Grover Mullenaux, then fifteen years of age, entered a plea of guilty to a bill of indictment charging him with murder in the fatal stabbing of Kathryn Inghram Fletcher, his foster mother.  At the arraignment and throughout the proceedings which followed, appellant was represented by court appointed counsel.  A hearing, without jury, was subsequently held to determine the degree of guilt and to affix the penalty.  He was adjudged guilty of murder in the first degree and sentenced to life imprisonment.  No post trial motions were filed and no appeal was taken from the judgment of sentence.

In December 1965, appellant filed a petition for a writ of habeas corpus challenging his conviction.  The

petition was dismissed without a hearing by the court below and this appeal followed.

In his habeas corpus petition, appellant seeks to impeach his conviction first on the ground that a written confession introduced at the 1946 hearing was obtained by means of threats and coercion. The admission of this allegedly tainted confession, he urges, renders his conviction invalid. We find no merit in this contention.

At the hearing on appellant's plea of guilty, no objection was interposed to the introduction of the confession. No steps were taken to apprise the court that the voluntary nature of appellant's confession was in contention. Under such circumstances, we have held that the admissibility of the confession may not be challenged in a subsequent proceeding. *Commonwealth ex rel. Knowles v. Rundle,* 419 Pa. 300, 213 A. 2d 635 (1965) ; *Commonwealth ex rel. Johnson v. Myers,* 419 Pa. 155, 213 A. 2d 359 (1965) ; *Commonwealth ex rel. Blackshear v. Myers,* 419 Pa. 151, 213 A. 2d 378 (1965) ; *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965) ; cf. *Henry v. Mississippi,* 379 U.S. 443, 447-48, 85 S. Ct. 564, 567 (1965).

While we are reluctant to preclude consideration of constitutional contentions on their merits, to permit the present challenge would unreasonably subserve the public interest in the maintenance of orderly judicial processes and the finality of judgments. Had the issue been properly raised in the 1946 hearing, the voluntariness of the confession could have been then litigated and the confession excluded, if found tainted, without the invalidation of the entire proceeding.

The importance of an insistence on a timely challenge is demonstrated by the facts of the instant case. Appellant alleges that he was threatened that his failure to give a written confession would result in the imposition of the death penalty. The officer alleged to

have made the threat is now deceased. Thus appellant, by reason of his delay[1] in raising the issue, has become the sole witness to the crucial interchange.

We find nothing in the record of this case which would justify a departure from the contemporaneous objection rule to permit appellant the advantage which he presently seeks. At the hearing on appellant's plea, the Commonwealth established, through the uncontroverted testimony of independent witnesses as well as the police, that appellant telephoned the police, reported the crime, and voluntarily admitted the slaying. Moreover, appellant freely surrendered himself to the authorities and of his own accord recounted the details surrounding the victim's death. His recitation of the events amply established his guilt and the premeditated, intentional, and unprovoked nature of the slaying. These circumstances compel us to conclude that the evidence, independent of any reliance on the confession, was sufficient to support the adjudication of murder in the first degree and that no injustice resulted.

Appellant next contends that his conviction was rendered invalid by reason of the fact that his confession was obtained prior to the appointment of counsel and in violation of his Fourteenth Amendment right to such assistance. We do not agree.

In *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965), this Court held that the direction contained in *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), with respect to the right to counsel at the pretrial stage of criminal proceedings, is not to be given retrospective application. Appellant's conviction having become final prior to the decision in *Escobedo,* he may not challenge his conviction in reliance thereon. See, e.g., *Commonwealth ex rel. Frazier v. Maroney,*

---

[1] In the instant case, appellant has delayed nineteen years before raising the issue.

419 Pa. 361, 214 A. 2d 221 (1965); *Commonwealth ex rel. Knowles v. Rundle,* 419 Pa. 300, 213 A. 2d 635 (1965); *Commonwealth ex rel. Shaffer v. Cavell,* 419 Pa. 218, 213 A. 2d 380 (1965).[2]

Accordingly, appellant had no absolute right to the assistance of counsel during the pretrial stage of the proceedings. *Crooker v. California,* 357 U.S. 433, 78 S. Ct. 1287 (1958); *Cicenia v. LaGay,* 357 U.S. 504, 78 S. Ct. 1297 (1958). The absence of counsel at appellant's interrogation following his arrest may not be deemed violative of his Fourteenth Amendment rights unless he was "so prejudiced thereby as to infect his subsequent trial with an absence of 'that fundamental fairness essential to the very concept of justice.'" *Crooker v. California,* supra at 439, 78 S. Ct. at 1292 (citations omitted); cf. *Cicenia v. LaGay,* supra. The present record does not suggest or support the conclusion of such prejudice.

We are not unmindful of the dangers presented by the uncounseled interrogation of a fifteen year old confronted with a serious criminal charge. However, as previously noted, evidence to support the court's adjudication was sufficient without reliance on the confession. No effort was made by the defense to controvert that evidence or to establish that the slaying was other than intentional, premeditated, and unprovoked. Such circumstances preclude the conclusion that the interrogation of appellant absent counsel resulted in a denial of his Fourteenth Amendment rights.

Appellant's remaining contentions are equally without merit. He contends that the absence of counsel at the preliminary hearing invalidated the subsequent proceedings. However, in the absence of unusual circum-

---

[2] The writer's views with respect to the decision in *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965), remain as stated in his concurring opinion in *Commonwealth ex rel. Corbin v. Myers,* 419 Pa. 139, 144, 213 A. 2d 356, 358-59 (1965).

stances which transform the preliminary hearing into a critical stage of the proceedings, lack of counsel at a preliminary hearing in this Commonwealth does not constitute a deprivation of an accused's constitutional rights. *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 324-25, 206 A. 2d 283 (1965). Here, nothing which occurred at the preliminary hearing was introduced into evidence or in any way affected the subsequent proceedings. Thus, under the instant facts, the preliminary hearing was not a critical stage in the proceedings and no constitutional deprivation resulted from appellant's lack of counsel. Cf. *Commonwealth ex rel. Hobbs v. Russell,* 420 Pa. 1, 215 A. 2d 858 (1966); *Commonwealth ex rel. Riddle v. Maroney,* 419 Pa. 323, 214 A. 2d 246 (1965); *Commonwealth ex rel. Knowles v. Rundle,* 419 Pa. 300, 213 A. 2d 635 (1965).

Lastly, appellant urges that his court appointed attorneys failed to conduct his defense in a competent fashion thereby depriving appellant of his constitutional right to the effective assistance of counsel and invalidating his conviction. Our examination of the record does not support appellant's contention.

Counsel were confronted with a difficult and tragic case. The evidence of guilt was overwhelming. Nothing in the record suggests that their efforts were less than that constitutionally required of them. Under such circumstances, appellant's complaint is without merit.

As we have previously stated, "the test for determining whether counsel's assistance was constitutionally ineffective may not be predicated on so unsubstantial a standard as the subjective preference of the accused. . . . Only one test could evolve if such were the standard: Was the accused acquitted? . . ." *Commonwealth ex rel. LaRue v. Rundle,* 417 Pa. 383, 388, 207 A. 2d 829, 832 (1965). No such test may be applied. To the contrary, the concept of "effective representation" must be strictly construed and no depriva-

tion found to result unless appellant's representation was so lacking in competence as to make a mockery of justice. See *Commonwealth ex rel. Crosby v. Rundle,* 415 Pa. 81, 87, 202 A. 2d 299, 303 (1964); cf. *Dayton v. United States,* 319 F. 2d 742 (D.C. Cir. 1963). We find no such result in the instant case.

Order affirmed.