Commonwealth ex rel. Jordan, Appellant, *v.*
Myers.

Submitted November 11, 1965. Before BELL, C. J.,
MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ray Jordan,* appellant, in propria persona.

*Abner H. Silver* and *Joseph M. Smith,* Assistant
District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First
Assistant District Attorney, and *James C. Crumlish,
Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 22, 1966:
Ray Jordan was convicted by a jury of murder in
the first degree and punishment was fixed at life im-
prisonment. We affirmed the judgment of sentence in

*Commonwealth v. Jordan,* 407 Pa. 575, 181 A. 2d 310 (1962). Subsequently, an action in habeas corpus was instituted which the lower court dismissed without hearing. An appeal from that order is now before us.

In support of the issuance of the writ, appellant asserts that the jury charge of the trial court was erroneous (in part), and certain improper procedures occurred during the trial, incident to the recording of the jurors' verdict. Not only does the record clearly manifest that these contentions are devoid of merit, but assignments of error of this nature should be raised by direct appeal and not in a collateral attack on the judgment through habeas corpus. See, *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966); *Griffin v. United States,* 258 F. 2d 411 (D.C. Cir. 1958), cert. denied, 357 U.S. 922 (1958); and, *United States v. Jenkins,* 281 F. 2d 193 (3d Cir. 1960).

Appellant also maintains that two constitutionally tainted written statements[1] given by him to the police following his arrest were read to the trial jury to his prejudice. An examination of the record discloses that the statements in question were not mentioned during the Commonwealth's case; that in the course of his own trial testimony, Jordan told of surrendering to the police shortly after the killing and voluntarily giving them a statement detailing the event; that on cross-examination, the district attorney attempted to question Jordan about the statements,[2] in an effort to show existing discrepancies therein with his trial testimony; that Jordan's trial counsel did not question the voluntariness of the statements or object to their submission

---

[1] Allegedly, he was not warned of his constitutional right to remain silent or have the assistance of counsel before or during the questioning.

[2] The first thereof was given to the police shortly after Jordan's arrest and the second about two weeks later.

to the jury, but did, in fact, urge the trial court to have the statements read in their entirety to the jury; that Jordan's counsel offered to and did read one of the statements to the jury and the district attorney read the other. Under such circumstances, appellant's belated complaint to the admission of this evidence at trial is valueless. See, *Commonwealth ex rel. Blackshear v. Myers*, 419 Pa. 151, 213 A. 2d 378 (1965), and *Commonwealth ex rel. Knowles v. Rundle*, 419 Pa. 300, 213 A. 2d 635 (1965).

Order affirmed.