Commonwealth ex rel. Rowles, Appellant, *v.* Myers.

Submitted April 19, 1966. Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*James R. Rowles,* appellant, in propria persona.

*Harold E. Sheely,* Assistant District Attorney, and
*Richard C. Snelbaker,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

Appellant was convicted of first degree murder in
a trial by jury, during which he was represented by
appointed counsel, and sentenced to life imprisonment.
He presently seeks to impeach that conviction on the
ground, inter alia, that a constitutionally tainted con-
fession, alleged to have been obtained in the absence of
counsel and as the result of coercion, was admitted in-
to evidence. We find no merit in appellant's com-
plaint.

In *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct.
1772 (1966), the Supreme Court of the United States
held that the directions contained in *Escobedo v. Il-
linois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), and
*Miranda v. Arizona,* 383 U.S. 436, 86 S. Ct. 1602
(1966), respecting the right to counsel at the pretrial
stage of criminal proceedings are not to be given retro-

spective application.[1] Appellant's trial having occurred prior to the decision in *Escobedo,* he may not predicate a claim to relief in reliance on that decision or the decision in *Miranda v. Arizona,* supra.

Accordingly, appellant had no absolute right to the assistance of counsel immediately upon his apprehension and arrest. *Crooker v. California,* 357 U.S. 433, 78 S. Ct. 1287 (1958); *Cicenia v. La Gay,* 357 U.S. 504, 78 S. Ct. 1297 (1958); *Commonwealth ex rel. Mullenaux v. Myers,* 421 Pa. 61, 217 A. 2d 730 (1966).[2] As we have previously stated, "the absence of counsel at appellant's interrogation following his arrest may not be deemed violative of his Fourteenth Amendment rights unless he was 'so prejudiced thereby as to infect his subsequent trial with an absence of "that fundamental fairness essential to the very concept of justice." ' " *Commonwealth ex rel. Mullenaux v. Myers,* supra at 65, 217 A. 2d at 732 (Citations omitted). The present record does not suggest or support the conclusion of such prejudice. Cf. *Commonwealth ex rel. Mullenaux v. Myers,* supra.

Finally, with respect to appellant's challenge on the ground of coercion, the record reveals that no ob-

---

[1] Accord, *Negri v. Commonwealth,* 419 Pa. 117, 213 A. 2d 670 (1965).

[2] Although the Supreme Court of the United States held in *Miranda v. Arizona,* 384 U.S. 436, 479 n.48, 86 S. Ct. 1602, 1630 n.48 (1966), that "Crooker v. California, 357 U.S. 433 (1958) and Cicenia v. LaGay, 357 U.S. 504 (1958) are not to be followed," that same Court subsequently held that the principles set forth in *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), and *Miranda* are not entitled to retrospective application. *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966).

Thus, in the instant case, in which trial was commenced prior to the decision in *Escobedo* on June 22, 1964, the standard for determining the admissibility of a confession challenged solely on the ground of denial of counsel during custodial police interrogation remains as set forth in *Crooker v. California,* supra, and *Cicenia v. LaGay,* supra. See *Johnson v. New Jersey,* supra; *Miranda v. Arizona,* supra.

jection was interposed to the admission of the confession at trial. Under the previous rulings of this Court, the failure to interpose a contemporaneous objection, in the absence of extraordinary circumstances, precludes a subsequent attack predicated on the admission of an allegedly tainted confession. *Commonwealth ex rel. Mullenaux v. Myers*, 421 Pa. 61, 63, 217 A. 2d 730, 731 (1966), and cases cited therein. We find nothing in the record of this case which would justify a departure from the contemporaneous objection rule to permit the present challenge. The record amply supports the conclusion that no injustice will result by precluding the present attack.

We have considered the other contentions advanced by appellant and find them without merit.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.