UNITED STATES of America ex rel. Willie **BLACKSHEAR**

v.

David N. **MYERS**, Superintendent.

Misc. No. 3130.

United States District Court
E. D. Pennsylvania.

June 30, 1966.

Vincent J. Ziccardi, Philadelphia, Pa., for plaintiff.

Abner H. Silver, Asst. Dist. Atty., Philadelphia County, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER SUR PETITION FOR HABEAS CORPUS

JOHN W. LORD, Jr., District Judge.

By order dated November 23, 1965 in this cause, counsel for petitioner was appointed, in response to petitioner's application, on grounds stated in that order which will appear further herein.

On January 7, 1966, a hearing took place before this Court, at which time the petitioner was present, accompanied by his counsel, Vincent J. Ziccardi, Esq. Abner H. Silver, Esq., Assistant District Attorney, Philadelphia County, appeared for respondent.

The notes of that hearing have been transcribed, and references thereto will be indicated as "N. Hear." to avoid confusion with the transcript of the trial which resulted in petitioner's sentence, to which reference will be made as "N.T." in the usual way.

A crucial determinant in this matter was the then open question as to retroactivity of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). (N. Hear. 19) Decision was postponed, without objection from either party, pending resolution of that question by the Supreme Court of the United States. In view of the decision handed down on June 20, 1966, that question is no longer open. Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882 (1966).

### FINDINGS OF FACT

1. Petitioner, Willie Blackshear, is presently confined at the State Correctional Institution at Graterford, Pennsylvania.

2. He is there serving a life sentence imposed in 1946 by a court of Philadelphia County, upon being found guilty of murder in the first degree.

3. His plea of guilty is thus described in Commonwealth ex rel. Blackshear, Aplnt. v. Myers, 419 Pa. 151, 213 A.2d 378 (1965)

"* * * the appellant, Willie Blackshear, in the presence of court-appointed counsel, plead guilty generally to an indictment charging him with the murder of his mother-in-law.[1]

"1. Blackshear was estranged from his wife. On the occasion involved, he entered the house where he thought she was residing in an effort to see her. Upon being denied the opportunity, he stabbed his mother-in-law ten times with an icepick. He did not testify under oath at trial, but at the time of sentence offered his explanation of the occurrence. He stated he had been drinking intoxicants to excess and temporarily lost control of his mind and actions."

Subsequently, a hearing was held before a three-judge court and he was found guilty of murder in the first degree and sentenced to life imprisonment. No appeal from the judgment was entered."

4. Evidence produced at the hearing demonstrates that the plea of guilty was made in accordance with the endorsement on the official and original bill of indictment (No. 343 of November Sessions 1945)

"* * * on the date 1–28–46 * * * "Present, the Honorable Curtis Bok, the Honorable James C. Crumlish, the Honorable Joseph Sloan, the defendant with his counsel. The defendant withdrew his plea of not guilty and entered a plea of guilty generally." (N. Hear. 3, 4)

5. Court-appointed counsel were listed as "Louis F. McCabe, Esq., and Geoffrey Stengel, Esq." (N.T. Cover page)

6. The transcript of Notes of Testimony of the trial indicate that Mr. Mc

Cabe represented the petitioner throughout. (N.T. 2, ff.)

7. Louis F. McCabe, Esq. was deceased at the time of the hearing before this Court, and counsel for petitioner had been unable to contact Mr. Stengel. (N. Hear. 4)

8. There is no evidence that counsel was not present at the time petitioner pleaded guilty generally to the charge of murder. (N. Hear. 4)

9. The Court finds as a fact that petitioner was represented by counsel at the time of the guilty plea. (N. Hear. 6)

10. A confession, in the form of a statement made by petitioner in the presence of several police officers, was introduced into evidence at the 1946 trial (Finding No. 3, supra). (N.T. 37–41; N. Hear. 9–13)

11. Petitioner was not represented by counsel at the time he made that confession. (ibid.)

12. The confession was not coerced, involuntary, or otherwise illegally obtained or tainted by unfairness. (ibid.)

### DISCUSSION

Petitioner made two contentions:

(1) That he was not represented by counsel at the time he made his plea of guilty.

(2) That his confession was improperly admitted into evidence and considered by the Court of Oyer and Terminer, General Jail Delivery and Quarter Sessions before whom he was tried.

The first contention was disallowed at the hearing. (Finding of Fact No. 9, supra)

The second contention as to involuntariness has been disallowed herein. (Finding No. 12, supra) As to nonrepresentation at the time of confession, see Conclusions of Law Nos. 4, 5 and 6 below.

### CONCLUSIONS OF LAW

1. Petitioner had exhausted state remedies. Order November 23, 1965; Commonwealth ex rel. Blackshear v. Myers, 419 Pa. 151, 213 A.2d 378 (1965).

2. Petitioner was duly represented by counsel at the hearing before this Court on January 7, 1966.

3. Matters of fact and law have been duly presented in briefs and oral argument; all points and authorities presented by the respective parties have been duly considered.

4. On June 20, 1966, the Supreme Court of the United States ruled as follows:

"In this case we are called upon to determine whether Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) * * * should be applied retroactively. We hold that Escobedo affects only those cases in which the trial began after June 22, 1964, the date of that decision. * * *" Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

5. Petitioner was tried in 1946 and Escobedo v. Illinois, supra, is inapplicable.

6. Even if the sentencing court in 1946 took into consideration the confession in question, in so doing it violated no constitutional right of petitioner. (id.)

7. No other constitutional right of petitioner was violated according to the record before this Court.

Court-appointed counsel Vincent J. Ziccardi, Esq., represented petitioner with skill and diligence. The Court is aware of no way in which Willie Blackshear's case could have been presented in more effective fashion than was done.

Also to be noted is the fact that this Court has withheld ruling at the instance of petitioner's counsel, awaiting the definitive ruling as to the retroactivity of Escobedo which was made on Monday of last week.

Now, therefore, this 30th day of June, A.D. 1966, for all the foregoing reasons, it is the ruling of this Court that the petition for habeas corpus of Willie Blackshear is denied and it is so ordered.