# Commonwealth ex rel. Rogozinski, Appellant, *v.* Russell.

Submitted May 25, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lawrence Rogozinski,* appellant, in propria persona.

*John T. Miller,* First Assistant District Attorney, and *John F. Rauhauser, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, September 27, 1966:

This is an appeal from an order of the Court of Common Pleas of York County refusing to issue a writ of habeas corpus.

On August 25, 1955, Lawrence Rogozinski was convicted of murder in the first degree and sentenced

to life imprisonment. On appeal to this Court, we affirmed the judgment of sentence: *Commonwealth v. Rogozinski,* 387 Pa. 399, 128 A. 2d 28.

On July 12, 1965, Rogozinski petitioned the Court of Common Pleas of York County for a writ of habeas corpus. That court appointed counsel for Rogozinski and the matter was heard before the court on briefs and oral argument.[1] The court, on August 23, 1965, dismissed the petition (*Commonwealth ex rel. Rogozinski v. Russell,* 79 York 115) and no appeal was taken from that order.

Approximately two months later, Rogozinski filed the instant petition. Counsel was appointed for Rogozinski, the Commonwealth answered the petition and, after the oral arguments of counsel and the submission of briefs, the court refused to direct issuance of a writ of habeas corpus. From its order Rogozinski now appeals.

Rogozinski initially claims he was entitled to be *heard* by way of taking testimony. An examination of the petition and answer indicates that *no* issues of fact but simply questions of law were raised. In such posture a hearing would be unwarranted: *Commonwealth ex rel. Hilberry v. Maroney,* 417 Pa. 534, 540, 207 A. 2d 794; *Commonwealth ex rel. Wilson v. Rundle,* 412 Pa. 109, 111, 194 A. 2d 143.

Rogozinski, alleging a violation of his constitutional rights, specifically makes the following allegations: (1) at trial the Commonwealth placed in evidence certain statements which he had made at a time (a) when, after several requests, he had been refused and lacked the assistance of counsel, (b) when he was not warned of his right to remain silent[2] and (c) when he was

---

[1] No testimony was taken because of the absence of any issue of fact.

[2] The trial testimony, part of which is attached to Rogozinski's petition, indicates he was told he did not have to make a statement.

tricked, coerced or threatened to make such statements;[3] (2) that a preliminary hearing—held 13 days subsequent to the time he was taken in custody—was not promptly afforded him; (3) that the voluntariness of his pretrial statements was determined by the jury and not preliminarily by the trial judge in violation of the ruling in *Jackson v. Denno*, 378 U. S. 368, 84 S. Ct. 1774.

In *Commonwealth ex rel. Fox v. Maroney*, 417 Pa. 308, 311, 207 A. 2d 810, we said: "It has been held that, although regrettable and to be discouraged, the absence of an immediate preliminary hearing, per se, constitutes no violation of petitioner's constitutional rights. [citing an authority]." See also: *Commonwealth ex rel. Light v. Maroney*, 413 Pa. 254, 196 A. 2d 659; *Commonwealth ex rel. Santiago v. Myers*, 419 Pa. 326, 214 A. 2d 206. The instant record reveals neither prejudice nor harm which resulted to Rogozinski from the delay in holding a preliminary hearing in the instant case. While we do not condone but, on the contrary, condemn the unreasonable delay, such delay alone does not justify the issuance of this writ.

Rogozinski's next contention is that the statements which he gave at a time when he was without requested counsel, when he was not warned of his rights and when he was unaware of the victim's death were improperly admitted under the rule of *Escobedo v. Illinois*, 378 U. S. 478, 84 S. Ct. 1758. On June 20, 1966, the U. S. Supreme Court in *Johnson v. New Jersey*, 384 U. S. 719, 86 S. Ct. 1772, 34 L.W. 4592, held that "Escobedo affects only those cases in which the trial began after June 22, 1964, the date of that decision". Cf. *Com. v.*

---

[3] Rogozinski, in his petition, concedes he was not physically mistreated but contends he was mentally mistreated. The trickery of which he complains was the withholding of information that the victim of the assault had died.

540

*Negri,* 419 Pa. 117, 213 A. 2d 670. This contention is, therefore, without merit.

When the statements were offered at the trial, no objection to the admission thereof was made. Under such circumstances, the admissibility of such statements cannot now be collaterally attacked: *Com. ex rel. Blackshear v. Myers,* 419 Pa. 151, 213 A. 2d 378; *Com. ex rel. Johnson v. Myers,* 419 Pa. 155, 213 A. 2d 359.

For the same reason, we need not consider the final complaint that the trial court did not follow the rule stated in *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 which is applied retrospectively.

We have carefully examined the instant record and we find therein no justification for the issuance of the Great Writ upon the contentions made in the instant petition. On the contrary, it is made evident by such examination of the record that Rogozinski received a fair trial and that his constitutional rights were adequately protected.

Order affirmed.