Commonwealth ex rel. Anderson, Appellant, *v.* Myers.

Submitted November 14, 1966.   Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Larnell Anderson,* appellant, in propria persona.

*Alan J. Davis,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 4, 1967:

This is an appeal from an Order dismissing a petition for a writ of habeas corpus by the Court of Common Pleas of Philadelphia County.

On June 12 and 13, 1963, defendant-relator while represented by counsel pleaded guilty to a charge of murder.   After hearing testimony and considering the evidence, the Court of Oyer and Terminer found defendant-relator guilty of *murder in the second degree* and sentenced him to ten to twenty years.

Defendant-relator contends that he was deprived of his Constitutional rights for the following reasons: (1)

there was no evidence to sustain his conviction of murder; and (2) his confession, which was introduced at the Court's hearing held to determine his guilt and the degree of murder, should not have been admitted into evidence because it was made when defendant-relator was without the benefit of counsel.

Defendant-relator's first contention is devoid of merit. The evidence was ample to convict him of murder.

Defendant-relator was represented, we repeat, by counsel at his trial and pleaded guilty to the charge of murder generally. The Commonwealth certified that his crime did not rise higher than second degree murder.* Furthermore, neither the defendant-relator nor his counsel objected to the admission of the defendant-relator's confession when after he had pleaded guilty it was offered in evidence at the hearing held to determine the degree of his guilt. We have frequently held that such circumstances preclude a subsequent challenge by a defendant in a habeas corpus proceeding to the admission of his confession. *Commonwealth ex rel. Mullenaux v. Myers,* 421 Pa. 61, 217 A. 2d 730. See for cases holding to the same effect: *Commonwealth ex rel. Knowles v. Rundle,* 419 Pa. 300, 213 A. 2d 635; *Commonwealth ex rel. Johnson v. Myers,* 419 Pa. 155, 213 A. 2d 359; *Commonwealth ex rel. Blackshear v. Myers,* 419 Pa. 151, 213 A. 2d 378; and *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810.

---

* We note that this certification is not binding on the Court. See *Commonwealth ex rel. Hobbs v. Russell,* 420 Pa. 1, 215 A. 2d 858 (1966); *Commonwealth ex rel. Ward v. Russell,* 419 Pa. 240, 213 A. 2d 628 (1965); *Commonwealth ex rel. Johnson v. Rundle,* 411 Pa. 497, 192 A. 2d 381 (1963); *Commonwealth v. Lowry,* 374 Pa. 594, 98 A. 2d 733 (1953); *Commonwealth ex rel. Parker v. Myers,* 422 Pa. 221, 222, 220 A. 2d 851 (1966); *Commonwealth v. Kirkland,* 413 Pa. 48, 195 A. 2d 338 (1963). However, the Court in the instant case found the defendant-relator guilty only of second degree murder.

Defendant-relator's next contention that his confession was inadmissible because it was obtained at a time when he was not represented by counsel is likewise devoid of merit. *Johnson v. New Jersey,* 384 U.S. 719. In *Johnson v. New Jersey,* supra, the Court held that the decision in *Escobedo v. Illinois,* 378 U.S. 478, upon which defendant-relator relies, would apply only in those cases where trial had not commenced on the date of the decision in *Escobedo,* which was June 22, 1964. Defendant-relator's conviction occurred on June 12, 1963, and is clearly outside the scope of *Escobedo.*

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.