Commonwealth ex rel. Duncan, Appellant, *v.* Rundle.

Submitted January 4, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Johnnie Lee Duncan,* appellant, in propria persona.

*Vram Nedurian, Jr.* and *Ralph D'Iorio,* Assistant District Attorneys, *Paul R. Sand,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 14, 1967:

This is an appeal from an Order of the Court of Common Pleas of Delaware County, dismissing appel-

lant's petition for a writ of habeas corpus. On *March 24, 1960,* defendant while represented by counsel pleaded guilty in the Court of Oyer and Terminer of Delaware County to the indictment charging him with murder. After taking testimony to determine the degree of murder and the proper punishment, the Court found defendant guilty of murder in the first degree and sentenced him to life imprisonment. No appeal was taken from the judgment of sentence.

On April 22, 1965, defendant filed a petition for habeas corpus in the Court of Common Pleas of Delaware County and a hearing was held on this petition on September 10, 1965. At this hearing defendant-relator was again represented by private counsel. On March 1, 1966, the Court dismissed relator's petition and from the Order relator took this appeal.

Relator-appellant now alleges as error: (1) He was arrested without a warrant; (2) He was held without counsel until he gave a confession; (3) He was not warned of his right to remain silent; (4) The trial Judge had no right to sit alone in accepting the plea of guilty or in finding the degree of guilt or fixing the sentence and the proceedings should have been held before a three-Judge Court; and (5) There was not sufficient evidence to support a finding of guilty of murder in the first degree.

As to appellant's contention that his conviction was unlawful because he was arrested and searched by a police officer without a warrant, it has long been the rule in this State that an officer or a private person is privileged to arrest without a warrant where a felony has actually been committed and he has reasonable grounds to suspect that the person he arrests committed the felony. *Commonwealth ex rel. Garrison v. Burke,* 378 Pa. 344, 106 A. 2d 587; *Commonwealth ex rel. Spencer v. Ashe,* 364 Pa. 442, 71 A. 2d 799, cert. denied, 339 U.S. 990.

In the instant case, appellant was seen by two eye-witnesses plunging a knife into his wife. The police were immediately called and within two hours they found appellant hiding under a motor vehicle and arrested him. Under these facts, it is clear that a warrant was not necessary in order to make a lawful arrest.

Appellant also argues that his confession was inadmissible since he was held without counsel and was not warned of his right to remain silent until after he had confessed to the crime in question. Appellant was represented by counsel at his trial and pleaded guilty to the charge of murder generally. Furthermore, neither the appellant nor his counsel objected to the admission of the confession when it was offered into evidence at the hearing held to determine the degree of his guilt. At that hearing appellant took the stand in his own defense and reiterated substantially the same statement as was given in his confession. We have frequently held that such circumstances preclude a subsequent challenge by a defendant in a habeas corpus proceeding to the admission of his confession. *Commonwealth ex rel. Mullenaux v. Myers,* 421 Pa. 61, 217 A. 2d 730; *Commonwealth ex rel. Knowles v. Rundle,* 419 Pa. 300, 213 A. 2d 635; *Commonwealth ex rel. Johnson v. Myers,* 419 Pa. 155, 213 A. 2d 359; *Commonwealth ex rel. Blackshear v. Myers,* 419 Pa. 151, 213 A. 2d 378; *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810.

Appellant's next contention, viz., that his conviction of murder in the first degree is invalid because the determination as to the degree of guilt was made by one Judge rather than by a three-Judge Court, is likewise devoid of merit. There is no Constitutional or statutory or decisional requirement of a three-Judge Court in such circumstances, although a local rule of Court requires a three-Judge Court in Philadelphia. *Com-*

*monwealth v. Cater,* 402 Pa. 48, 166 A. 2d 44, cert. denied, 366 U.S. 914.

In *Commonwealth v. Cater,* the Court said (page 53) : "In the absence of such a rule, a single judge can receive a plea of guilty of murder, fix the degree and impose sentence: Commonwealth v. Shawell, 325 Pa. 497, 191 A. 17; Commonwealth v. Garramone, 307 Pa. 507, 161 A. 733. The requirement for a three-judge court is imposed by a local rule of court in Philadelphia County; there is no *constitutional** requirement of a three-judge court in such circumstances." Accord : *Commonwealth ex rel. Rook v. Myers,* 402 Pa. 202, 167 A. 2d 274 (Per Curiam) ; *Commonwealth ex rel. Pickwell v. Burke,* 372 Pa. 450, 93 A. 2d 482 (Per Curiam), cert. denied, 345 U.S. 958; *Commonwealth v. Shawell,* 325 Pa. 497, 191 Atl. 17; *Commonwealth v. Garramone,* 307 Pa. 507, 161 Atl. 733.

Finally, appellant argues that the Commonwealth failed to sustain its burden of proving murder in the first degree. This is absolutely ridiculous. Two eye-witnesses saw the defendant (now relator and appellant) plunge a knife into his wife. The testimony given at the hearing or trial held to determine the degree of guilt further disclosed that defendant's wife had been stabbed some sixty times and her head had been nearly severed. The evidence was overwhelming that defendant killed his wife and that the killing was wilful, deliberate and premeditated murder. Cf. *Commonwealth v. Ahearn,* 421 Pa. 311, 318, 218 A. 2d 561.

We have considered all of appellant's contentions and find all of them to be devoid of merit.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

* Emphasis in original Opinion.