Commonwealth *v.* Anderson, Appellant.

Submitted June 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and SPAULDING, JJ. (HOFFMAN, J., absent).

*Archie Alfred Anderson,* appellant, in propria persona.

*M. Donald O'Malley,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., December 14, 1967:

This is an appeal from the order of the Court of Quarter Sessions of Susquehanna County dismissing the post-conviction petition of Archie Alfred Anderson, the defendant-appellant, and refusing to grant a writ of habeas corpus.

The defendant in 1961, when he was eighteen years of age, was arrested and charged with arson but was never tried or convicted of any crime. The defendant's petition was in error that he was tried by a judge without a jury; that he pleaded guilty to any crime; or that he was "taken to Montrose County Court house where Judge LITTLER than sentence me to a term of Indet. in Dallas correctional Institution." There was no sentence filed and the defendant was committed as a result of an examination by a commission appointed by the court to determine whether or not he was mentally defective and needed treatment as provided by the statute.

The Act of 1951, June 12, P. L. 533, Art. III, §347, 50 PS §1222, reads as follows:

"Whenever any person charged with crime, upon production or appearance before the court, appears to

be mentally ill or in need of care in a mental hospital, the court shall designate a responsible person to apply for his commitment, or for his commitment for observation, treatment and diagnosis, by order of such court, in accordance with the provisions of this act for the commitment of persons who are not convicted of crime or who have not been charged with crime."

The Act of 1951, supra, further provides in §327, 50 PS §1202, as follows:

"(a)   Whenever petition is made to a court for an order for the commitment of any person thought to be mentally ill to a hospital, the court may immediately appoint a commission to inquire into and report upon the facts in the case.

"(b)   Such commission shall be composed of three persons, two qualified physicians and an attorney-at-law, who shall prepare and file all necessary notices, reports and other papers . . .

"(c)   The commission shall hear such evidence as may be offered or as they may require relating to the mental condition of the person sought to be committed, as well as his or his counsel's statement. . . ."

The report of the commission concluded that the defendant was mentally defective and was of criminal tendency and recommended his commitment to the state correctional institution in Dallas.   The court then committed him on June 15, 1961.

At the time of his commitment he did not have counsel but when he filed the instant petition on May 2, 1966, counsel was immediately appointed for him by the court and he was represented by that counsel at the post-conviction hearing.

The question raised by this appeal is whether this defendant's constitutional rights were violated when he was not provided with counsel at the time he was examined by the commission to determine his mental status.

The contention is without merit. We agree with the court below that the petitioner's constitutional rights have not been violated and that the action taken under the statute was not criminal in nature but for the protection of the accused and society under the mental health act.

However, even if it were interpreted as being criminal in nature, the rule of *Escobedo v. Illinois*, 378 U.S. 478, 12 L. ed. 2d 977, 84 S. Ct. 1758 (1964), with respect to the constitutional right to counsel at pre-trial stages of criminal proceedings should not be applied retrospectively where the matter in issue had been finally concluded prior to the announcement of the rule on June 22, 1964. The commission's hearing was finalized on June 15, 1961. *Johnson v. New Jersey*, 384 U.S. 719, 16 L. ed. 2d 882, 86 S. Ct. 1772 (1966) ; *Commonwealth v. Schmidt*, 423 Pa. 432, 224 A. 2d 625 (1966) ; *Com. ex rel. Mullenaux v. Myers*, 421 Pa. 61, 217 A. 2d 730 (1966).

Order affirmed.