## Commonwealth ex rel. Pomales, Appellant, *v.* Myers.

Submitted April 22, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ramon Pomales,* appellant, in propria persona.

*Ralph J. Althouse, Jr.,* Assistant District Attorney, and *W. Richard Eshelman,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, June 30, 1965:

The appellant, Ramon Pomales, was indicted for murder, and plead guilty generally thereto. He was represented by court-appointed counsel. After hearing, the trial court found him guilty of murder in the second degree and imposed a sentence of imprisonment in a state correctional institution for a period of not less than eight years and not more than twenty years, under which he is now confined. No appeal from the judgment was entered.

Subsequently, an action in habeas corpus was instituted, which the lower court dismissed. An appeal from that order is now before us for decision.

The prime reason assigned in support of the issuance of the writ is that a confession, given to investigating police officers and introduced at trial, was obtained in violation of appellant's constitutional rights, and therefore should have been excluded. It is asserted that the confession was coerced, not voluntarily given, and obtained at a time when the accused was not aware of, nor advised of, his right to remain silent or to enjoy the assistance of counsel.

An examination of the record discloses that the confession was admitted in evidence not only without objection, but with expressed agreement of appellant's trial counsel. The issue of voluntariness or coercion was not raised. Nor was any mention made, or indication given, that the confession was obtained without constitutional safeguards first having been afforded. Further, a reading of the confession manifests that, aside from the admission therein that the appellant fired the fatal shot, it contained nothing further prejudicial. It is replete with self-serving declarations and statements favorable to the accused which were later repeated by him during his testimony at trial. Under such circumstances, constitutional infringements cannot now be successfully asserted in this collateral proceeding. See, *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481 (1965), and *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965).

Appellant also contends that his hearing before the committing magistrate was delayed for more than three months after his arrest in violation of his constitutional rights. The record discloses that the killing occurred on December 24, 1962. On December 25th, the appellant was taken into custody, and he gave a written statement of his version of the occurrence to the police. He was taken before the committing magistrate on December 26th and informed of the charges against him. He entered a plea of "not guilty", and the matter was continued for the purpose of a full hearing. This took place on March 8th and 9th, 1963, at which time the accused was represented by counsel who actively cross-examined the several witnesses called to testify by the Commonwealth. We cannot conclude that these facts would warrant the issuance of the writ herein sought.

Order affirmed.[1]

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the Court's determination that the petition was correctly dismissed by the court below.

During the hearing following petitioner's plea of guilty, counsel for petitioner interposed no contemporaneous objection to the introduction of the confession. Petitioner, represented by counsel, advanced no indication at trial that he felt the confession was improper evidence to use in those proceedings. On the contrary, the confession was admitted with the express consent of counsel. Petitioner took the stand and testified to the identical testimony which was set out in the confession. A record such as this makes an extremely strong showing of acquiescence by petitioner in the introduction of his confession and waiver of objection. *United States ex rel. Reid v. Richmond,* 295 F. 2d 83 (2d Cir.), cert. denied, 368 U.S. 948, 82 S. Ct. 390 (1961); see *Commonwealth ex rel. Mitchell v. Rundle,* 416 Pa. 296, 300 n. 4, 204 A. 2d 923, 925 n. 4 (1965).[2] As was said in *Reid,* there is "no reason to

---

[1] In view of the fact that the writ was properly refused as herein set forth, we have found it unnecessary to consider or discuss the retroactive application of the rule in *Escobedo v. Illinois,* 378 U.S. 478 (1964).

[2] In *State v. Mendes* (R.I.), 210 A. 2d 50 (1965), the Supreme Court of Rhode Island held that a claim under *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), was not waived by counsel's failure to object at trial unless the record somehow indicates the defendant's participation in counsel's decision. Whatever the correctness of that holding, the acquiescence of defendant in this case, by testifying to the same facts, would seem to satisfy even that rule. With the holding of *Mendes,* compare the holding in *Nelson v. California,* 346 F. 2d 73 (9th Cir. 1965) (counsel's failure to object to introduction of confession waives *Escobedo* claim even though accused disagreed at trial with strategy of counsel).

require a state to try a criminal case on the theory that the state may not rely on concessions of counsel and the testimony of the defendant himself." 295 F. 2d at **90.**