## Commonwealth ex rel. Rehak, Appellant, v. Maroney.

Submitted October 6, 1965. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*William Franklin Rehak,* appellant, in propria persona.

*Edward B. Doran,* Assistant District Attorney, and *Richard E. McCormick,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 4, 1966:

The appellant, William Franklin Rehak, was arrested and indicted for murder following the fatal stabbing of his estranged wife during a heated quarrel. After trial, at which he was represented by counsel, the

jury returned a verdict of guilty of voluntary manslaughter. No post trial motions were filed, and on September 7, 1962, he was sentenced to an indeterminate term in a state correctional institution, under which sentence he is still confined. No appeal from the judgment was entered.

On January 25, 1965, Rehak instituted an action of habeas corpus which, after hearing, the lower court dismissed. This appeal followed.

At trial, a written statement given by Rehak to investigating police officers following his arrest was introduced in evidence. Rehak now complains that this statement was erroneously admitted because it was obtained under coercive circumstances, at a time when he was without counsel, and without any prior warning of his constitutional right to remain silent or to have the assistance of counsel.

An examination of the trial record discloses that the statement involved was made part of the record without objection, and with the expressed acquiescence of Rehak's counsel. It further discloses that Rehak's description of the crime, as given to the police, varied little from his own version of the incident, as given in his testimony during the trial. In fact, his counsel argued during the trial that the two recitations of the event were one and the same. Under such circumstances, the belated challenge to the admissibility of the statement is without merit. See, *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965); *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481 (1965); *Commonwealth ex rel. Pomales v. Myers,* 418 Pa. 369, 211 A. 2d 483 (1965); and, *Commonwealth ex rel. Blackshear v. Myers,* 419 Pa. 151, 213 A. 2d 378 (1965).

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.