Commonwealth ex rel. Parker, Appellant, *v.*
Myers.

Submitted November 9, 1965.  Before BELL, C. J.,
MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alfred Parker,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant
District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First
Assistant District Attorney, and *James C. Crumlish,
Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

This is an appeal from a dismissal of a petition for writ of habeas corpus. The dismissal of a previous petition was affirmed by this Court in *Commonwealth ex rel. Parker v. Myers*, 414 Pa. 427, 200 A. 2d 770 (1964).

The record discloses that petitioner, in October 1959, while represented by counsel, entered a plea of guilty to the charge of murder generally. The Commonwealth certified that guilt rose no higher than murder in the second degree,[1] and the court heard testimony to determine the degree and to fix the penalty. Petitioner was adjudged guilty of murder in the second degree and sentenced to a term of imprisonment of 9 to 18 years. No appeal was taken.

Petitioner raises three issues not contained in his previous petition. He first asserts that under *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), his confession should not have been admitted at the hearing. No discussion of this point is required, since *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966), which held that *Escobedo* would not be applied retrospectively, precludes the present claim.[2]

Petitioner next contends that his confession was involuntary and, therefore, inadmissible at the hearing on his guilty plea. This contention likewise does not merit extended treatment. Petitioner entered a plea of guilty, there was no objection to the admission of the confession at the hearing, defense counsel stipulated to the truth of the confession, and petitioner took the stand and testified to substantially the same facts

---

[1] Such certification is not binding on the court. See *Commonwealth ex rel. Hobbs v. Russell*, 420 Pa. 1, 215 A. 2d 858 (1966); *Commonwealth ex rel. Ward v. Russell*, 419 Pa. 240, 213 A. 2d 628 (1965); *Commonwealth ex rel. Johnson v. Rundle*, 411 Pa. 497, 192 A. 2d 381 (1963); *Commonwealth v. Lowry*, 374 Pa. 594, 98 A. 2d 733 (1953).

[2] Accord *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965).

as contained therein. Such circumstances, we have consistently held, preclude a subsequent challenge to the admission of the confession on habeas corpus. *Commonwealth ex rel. Czako v. Maroney*, 421 Pa. 462, 219 A. 2d 664 (1966); *Commonwealth ex rel. Mullenaux v. Myers*, 421 Pa. 61, 217 A. 2d 730 (1966); *Commonwealth ex rel. Rehak v. Maroney*, 420 Pa. 37, 215 A. 2d 622 (1966); *Commonwealth ex rel. Blackshear v. Myers*, 419 Pa. 151, 213 A. 2d 378 (1965); *Commonwealth ex rel. Adderley v. Myers*, 418 Pa. 366, 211 A. 2d 481 (1965); *Commonwealth ex rel. Pomales v. Myers*, 418 Pa. 369, 211 A. 2d 483 (1965); *Commonwealth ex rel. Fox v. Maroney*, 417 Pa. 308, 207 A. 2d 810 (1965). Moreover, an examination of the record reveals that no injustice resulted from the admission of petitioner's confession. Cf. *Commonwealth ex rel. Mullenaux v. Myers*, 421 Pa. 61, 217 A. 2d 730 (1966).

Petitioner finally contends that the trial judge employed a racial epithet in referring to him and, in general, exhibited prejudice toward him at the hearing. An examination of the notes of testimony, however, reveals no such prejudicial remarks or conduct on the part of the court.

Accordingly, we conclude that the court below properly dismissed the petition.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.