Commonwealth ex rel. Williams, Appellant, *v.* Maroney.

Argued October 4, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Malcolm Anderson,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Charles B. Watkins,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, January 4, 1967:

This is an appeal from an Order denying a writ of habeas corpus after a hearing in the Court of Common Pleas of Allegheny County.

On April 4, 1955, relator pleaded guilty to the charge of murder. After hearing testimony and considering the evidence, the Court of Oyer and Terminer found defendant-relator guilty of murder in the first degree and imposed a sentence of life imprisonment.

Defendant-relator contends that he was deprived of his Constitutional rights because: (1) his confession, which was introduced at the trial held to determine his guilt and the degree of guilt, was involuntary; and (2) his confession should not have been admitted into

evidence because it was made when he was without benefit of counsel.

Defendant-relator's first contention that his confession was involuntary and therefore inadmissible is devoid of merit. On April 4, 1955, when he entered a plea of guilty and also at his trial he was represented by counsel. No objection was made at the trial to the admission of his confession. Even more important, petitioner took the witness stand and testified to substantially the same facts as were contained in his confession. We have frequently and consistently held that such circumstances preclude a subsequent challenge to the admission of the confession on habeas corpus. *Commonwealth ex rel. Parker v. Myers,* 422 Pa. 221, 220 A. 2d 851; *Commonwealth ex rel. Czako v. Maroney,* 421 Pa. 462, 219 A. 2d 664; *Commonwealth ex rel. Mullenaux v. Myers,* 421 Pa. 61, 217 A. 2d 730; *Commonwealth ex rel. Rehak v. Maroney,* 420 Pa. 37, 215 A. 2d 622; *Commonwealth ex rel. Blackshear v. Myers,* 419 Pa. 151, 213 A. 2d 378; and *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481.

Moreover, defendant-relator's argument that his confession should not have been introduced because it was obtained at a time when he was not represented by counsel is precluded by the recent U. S. Supreme Court decision in *Johnson v. New Jersey,* 384 U.S. 719. *Johnson v. New Jersey* held that the decision in *Miranda v. Arizona,* 384 U.S. 436, involving the admission of statements or confessions made prior to representation by counsel or in the absence of counsel, would not be applied retroactively to those trials that began prior to June 13, 1966, the date of the decision in *Miranda.* In the instant case, Nathaniel Williams entered his plea of guilty and, we repeat, was tried and sentenced on April 4, 1955.

Order affirmed.

Mr. Justice MUSMANNO dissents.