Commonwealth ex rel. Booker, Appellant, *v.* Maroney.

Argued October 5, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph F. Weis, Jr.,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 14, 1967:

James Booker, defendant-relator, was arrested at about 2:00 A.M. on March 23, 1962, in Pittsburgh, and

was later charged with the murder of Thomas Clemens. On *September 10, 1962,* defendant-relator while represented by Court-appointed counsel, entered a plea of guilty to an indictment charging him with murder and voluntary manslaughter.* After a hearing by the sentencing Court to determine his guilt and the degree of his crime—at which time, we repeat, he was represented by Court-appointed counsel—he was convicted of murder in the second degree and sentenced to imprisonment for not less than seven nor more than fourteen years. He is now serving that prison term.

On April 21, 1965, defendant-relator filed a petition for a writ of habeas corpus seeking a new trial because of alleged violations of several of his Constitutional rights in that (a) he did not have the benefit of counsel at either the coroner's inquest or at his hearing before a magistrate** and (b) he should have been acquitted on the ground of self-defense because he was compelled to use a knife against his victim, in order to protect or save himself from the victim's savage attack. A habeas corpus hearing was held, at which defendant-relator was again represented by Court-appointed counsel. The lower Court dismissed defendant-relator's petition and denied him a new trial, and from that Order defendant-relator has taken this appeal.

### Assistance of Counsel

Defendant-relator contends on this appeal that in violation of his Constitutional right to due process of

---

* A separate indictment was returned against relator charging him with involuntary manslaughter. With respect to this indictment a nolle pros. was entered at the time relator pleaded guilty to the indictment charging him with murder and voluntary manslaughter.

** The Court below found that no magistrate's hearing was ever held in defendant-relator's case, and that finding is not contested on appeal.

law he was denied assistance of counsel as required by *Powell v. Alabama*, 287 U.S. 45, and *Hamilton v. Alabama*, 368 U.S. 52, because he was unrepresented at the coroner's inquest.

The law is well settled in Pennsylvania that absence or lack of counsel at a magistrate's hearing or at a preliminary hearing or at a coroner's inquest is not a violation of any Constitutional right to counsel, in the absence of exceptional circumstances which transform any of those proceedings into a critical stage. *Commonwealth ex rel. Cherry v. Cavell*, 422 Pa. 283, 220 A. 2d 837; *Commonwealth ex rel. Swilley v. Maroney*, 420 Pa. 419, 420-421, 218 A. 2d 242; *Commonwealth ex rel. Hobbs v. Russell*, 420 Pa. 1, 215 A. 2d 858; *Commonwealth ex rel. Lofton v. Russell*, 418 Pa. 517, 211 A. 2d 427; *Commonwealth ex rel. McCant v. Rundle*, 418 Pa. 394, 211 A. 2d 460; *Commonwealth ex rel. Butler v. Rundle*, 416 Pa. 321, 206 A. 2d 283; *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A. 2d 565.

In this Court the defendant-relator, for the first time, has broadened his contention of unconstitutional denial of assistance of counsel to include the claim that from the time of his arrest on March 23, 1962 to June 6, 1962, he was unrepresented by counsel. Defendant-relator claims that this delay in the appointment of counsel unjustly prejudiced his case because this was a critical period *for the purpose of investigation and preparation for trial.* No facts were averred to establish actual prejudice and neither defendant-relator nor his counsel ever requested or were denied a continuance in order to adequately prepare his case. Defendant-relator testified at the habeas corpus hearing that his attorney had visited him on only two occasions, once three days prior to trial and once before that time. However, his attorney testified that he visited defendant-relator numerous times prior to trial and the

record shows that he had from June 6 until September 10, 1962 to prepare defendant-relator's case. The lower Court believed the attorney and we agree that there is no merit in this contention of the defendant-relator.

### Voluntariness of Defendant-Relator's Guilty Plea

In this appeal defendant-relator contends, for the first time, that the circumstances surrounding his plea of guilty deprived him of his Constitutional right to due process because: (a) he pleaded guilty due to the District Attorney's promise that defendant-relator would be sentenced only for involuntary manslaughter and would not receive a sentence greater than one to three years; (b) he thought he was pleading guilty to an indictment which charged him with the crime of involuntary manslaughter; (c) he pleaded guilty unaware of the specific crime to which he was pleading; (d) he did not know the difference between the various degrees of the crime of murder with which he was charged; (e) his guilty plea was entered in ignorance of the nature of the crime with which he was charged and of the consequences of his guilty plea; and (f) that for each and all of these reasons his guilty plea was not freely and voluntarily made.

We have examined the record and we agree with the lower Court that there is no merit in any of defendant-relator's contentions.

At his original trial defendant-violator acknowledged that he understood he was pleading guilty to a charge of murder and was asking the trial Judge to determine his degree of guilt. Immediately before defendant-relator entered his plea of guilty and while he was represented by counsel, the Court below questioned him as follows: "The Court: Mr. Booker, you understand that you are pleading guilty generally to this indictment charging you with murder and you are ask-

ing me to hear the testimony and fix the degree of guilt; you understand that, don't you? The Defendant: Yes, sir."

*Commonwealth ex rel. Crosby v. Rundle,* 415 Pa. 81, 85, 202 A. 2d 299, holds that such questioning and explanation by the trial Judge is sufficient,* where defendant's attorney has fully explained the charges against him. Furthermore, *Crosby* and *Commonwealth ex rel. Foeman v. Maroney,* 420 Pa. 486, 218 A. 2d 230, hold that where an accused pleads guilty to an indictment it is presumed that he knows what he is doing and the burden is on the defendant to prove otherwise. Defendant-relator has not met this burden.

*Furthermore,* the attorney who represented the defendant-relator in the sentencing Court testified in the habeas corpus proceeding (1) that he had fully explained to the relator the crime of voluntary manslaughter and murder and the various degrees of murder and the consequences of a guilty plea, and (2) that there was no agreement with the District Attorney that the charge against defendant-relator would be reduced to involuntary manslaughter, or (3) that defendant-relator would not receive a sentence greater than one to three years. Moreover, *the indictment to which defendant-relator pleaded guilty* clearly and undoubtedly charged him only with the crimes of murder and voluntary manslaughter and did not charge him with involuntary manslaughter.

---

* Parenthetically we note that the most desirable practice is for the trial Judge to fully explain to the defendant and place upon the record the crime or crimes with which defendant is charged and the consequences of a plea of guilty by the defendant, and in capital cases the possible sentences which may be imposed. This practice would avoid future controversies and we believe diminish the number of habeas corpus proceedings which due to recent decisions of the Supreme Court of the United States are flooding our Courts.

## Introduction of Defendant-Relator's Confession at Trial

In this habeas corpus proceeding defendant-relator has raised, for the first time, the issue of whether the introduction of his confession before the sentencing Court without any objection thereto, at which, we repeat, he was represented by an attorney, violated any of his Constitutional rights. Defendant-relator *testified* to substantially the same facts which were contained in his confession. Such testimony, coupled with a plea of guilty and a failure to object to or attack the voluntariness of the confession when it was introduced, precludes defendant-relator from raising the issue of the voluntariness of the confession in a petition for a writ of habeas corpus. *Commonwealth ex rel. Parker v. Myers,* 422 Pa. 221, 220 A. 2d 851; *Commonwealth ex rel. Czako v. Maroney,* 421 Pa. 462, 219 A. 2d 664; *Commonwealth ex rel. Mullenaux v. Myers,* 421 Pa. 61, 217 A. 2d 730; *Commonwealth ex rel. Foeman v. Maroney,* 420 Pa. 486, 218 A. 2d 230; *Commonwealth ex rel. Rehak v. Maroney,* 420 Pa. 37, 215 A. 2d 622; *Commonwealth ex rel. Blackshear v. Myers,* 419 Pa. 151, 213 A. 2d 378; and *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481. In the light of these cases it is clear that this contention is devoid of merit.

We may add that there is no evidence in the record prior to the present proceedings to establish that defendant-relator's confession was involuntary. Defendant-relator was arrested at 2 A.M. on March 23, 1962. Within 12 hours he signed the incriminating statement or confession, which he now challenges, after he was warned that anything he might say could be used against him at trial. Defendant-relator was not informed of his Constitutional right to remain silent, nor of his Constitutional right to be represented by an at-

torney, or, if he was indigent, to receive the services of free legal counsel.*

Significantly, this is substantially the warning which was given to the accused in *Johnson v. New Jersey,* 384 U.S. 719. In the *Johnson* case, the Court held (a) that *Escobedo v. Illinois,* 378 U.S. 478; and *Miranda v. Arizona,* 384 U.S. 436, are not to be applied retroactively, and more particularly (b) that *Escobedo* applies only to those cases in which the trial began after the date of that decision on June 22, 1964, and (c) *Miranda* applies only to cases in which the trial began after the date of the Court's decision therein on June 13, 1966.

Failure to warn persons suspected or accused of crime of their Constitutional rights to remain silent and to have counsel or if indigent their right to have Court-appointed counsel were in March 1962 factors tending to show the involuntariness of a confession.** *Davis v. North Carolina,* 384 U.S. 737; cf. also *Johnson v. New Jersey,* 384 U.S., supra. However, the determination of voluntariness** depends largely on the facts of the particular case—i.e., "the totality of circumstances." Applying this test to this case, the record discloses that defendant-relator's statements were voluntarily made. Cf. *Davis v. North Carolina,* 384 U.S., supra. See also *Crooker v. California,* 357 U.S. 433; and *Cicenia v. LaGay,* 357 U.S. 504, which were overruled prospectively by *Miranda v. Arizona,* 384

---

* The failure to warn defendant-relator of these two Constitutional rights would now make the statement Constitutionally *in*admissible. *Miranda v. Arizona,* 384 U.S. 436. Since defendant-relator was tried and sentenced before June 22, 1966, the *Miranda* case is inapplicable. See *Johnson v. New Jersey,* 384 U.S. 719.

** Today failure to give these warnings will invalidate confessions unless the suspect knowingly and intelligently makes a confession without being questioned. *Miranda v. Arizona,* 384 U.S., supra.

U.S., supra; *Commonwealth ex rel. Mullenaux v. Myers*, 421 Pa., supra; *Commonwealth v. Bryant*, 367 Pa. 135, 79 A. 2d 193.

### Defendant-Relator's Contention that He Killed in Self-Defense

Defendant-relator while represented by counsel testified at his trial—and he was corroborated by several witnesses—that Clemens (the deceased) and he got into an argument and that during the argument Clemens, a large man, picked up a wooden chair and hit defendant-relator over the head with it. Thereupon defendant-relator got up, pulled a knife out of his pocket, chased Clemens into another room or outside the house' (the testimony is conflicting on this point) and stabbed Clemens in the chest twice. The wounds admittedly caused Clemens' death. The evidence, together with all reasonable inferences therefrom, strongly support the conclusion of the trial Judge who saw and heard the witnesses as well as of the Court below in the habeas corpus proceedings that the defendant-relator's attack with a knife (1) was made while he was the aggressor and (2) was not necessary for self-defense or to protect defendant-relator from further bodily harm, and (3) was not made under the influence of legal passion or provocation sufficient in law to reduce the crime to voluntary manslaughter. Cf. *Commonwealth v. Kirkland*, 413 Pa. 48, 195 A. 2d 338. The defendant-relator forgets (as most defendants do) that ". . . in determining the sufficiency of the evidence on an appeal following a plea of guilty, we accept as true all of the evidence which, if believed, will support the adjudication," *Commonwealth ex rel. Crosby v. Rundle*, 415 Pa., supra; *Commonwealth v. Kirkland*, 413 Pa., supra. The record in this case contains ample evidence to support defendant-relator's conviction and completely refutes

defendant-relator's present contention that he killed in self-defense.

The defendant-relator raises in this Court, for the first time, the contention that he was deprived of his right to be represented on appeal by Court-appointed counsel.*

Defendant who pleads guilty or is found guilty by a Judge or jury is entitled to appeal, and lack of knowledge of his right to appeal cannot be construed as a waiver of this Constitutional right. *Commonwealth ex rel. Newsome v. Myers*, 422 Pa. 240, 220 A. 2d 886; *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 218 A. 2d 811; *Commonwealth ex rel. Branam v. Myers*, 420 Pa. 77, 216 A. 2d 89; *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 215 A. 2d 637; *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A. 2d 613.

However, after a defendant has pleaded guilty the only issues which he could raise on direct appeal are lack of counsel and the voluntariness of his confession and validity of his guilty plea and the lawfulness of his sentence. *Commonwealth ex rel. Davis v. Russell*, 422 Pa. 223, 226, 220 A. 2d 858, and cases cited therein. A sentence of imprisonment of not less than seven nor more than fourteen years is authorized where a defendant is convicted of second degree murder. Act of June 24, 1939, P. L. 872, §701, as amended, 18 P.S.

---

* *Com. ex rel. Newsome v. Myers*, 422 Pa., supra, holds that every indigent defendant is entitled to have appointed counsel prosecute a direct appeal if the indigent defendant so desires. Where the record does not disclose whether a defendant knowingly waived his right to such an appeal, a hearing ordinarily should be held to determine the issue. Although no hearing was held on this point by the Court below, no remand for a hearing on this point is necessary because although several of defendant-relator's contentions are not raisable in and by a writ of habeas corpus this case is so unusual and sui generis that we shall treat it as if it were a direct appeal.

§4701. The defendant-relator has raised and we have answered all of the issues which he could have raised on direct appeal and we find them devoid of merit.

For the reasons stated hereinbefore we find no merit in any of the issues or contentions raised by defendant-relator.

Order affirmed.

Mr. Justice JONES, Mr. Justice COHEN and Mr. Justice EAGEN concur in the result.