Jesse T. QUALLS and Gaines E. McLain, Petitioners-Appellants,

v.

Lake F. RUSSELL, Warden, Respondent-Appellee.

No. 17260.

United States Court of Appeals Sixth Circuit.

June 23, 1967.

Charles Hyatt Brown, Knoxville, Tenn., for appellants.

David W. McMackin, Asst. Atty. Gen., Nashville, Tenn., George F. McCanless, Atty. Gen. and Reporter State of Tennessee, Nashville, Tenn., of counsel, for appellee.

Before O'SULLIVAN and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Jesse T. Qualls and Gaines E. Mc-Lain, appellants herein, appeal from an order of the United States District Court for the Eastern District of Tennessee, denying their petition for a writ of habeas corpus. Qualls and McLain pleaded guilty on January 9, 1962, in the Criminal Court of Knox County, Tennessee, to a charge of armed robbery. Qualls was sentenced to twenty-five years' imprisonment in the Tennessee State Penitentiary and McLain was sentenced to twenty years in the same institution.

The appellants petitioned for a writ of habeas corpus in the Criminal Court of Morgan County, Tennessee, on the 21st day of December, 1964. They were represented by two competent and experienced members of the Knox County bar. It was claimed on behalf of the appellants that they were coerced into making a confession, that they were not advised of their right to counsel and to remain silent and that if they had counsel at the time of their pleas of guilty their assistance was ineffectual.

The Honorable D. L. Hutson, Criminal Court Judge, conducted a full evidentiary

hearing on June 15, 1965. The judge wrote a comprehensive opinion in which he discussed all of the issues and found that the petition was without merit. This decision was affirmed on appeal to the Supreme Court of Tennessee, on February 18, 1966.

The appellants then filed their petition in the United States District Court, on March 23, 1966. Substantially the same issues were presented by this petition as were before the Morgan County Criminal Court. District Judge Taylor denied the petition on April 15, 1966, without a hearing. A motion for rehearing was denied on April 22, 1966. In denying the petition, Judge Taylor had before him a transcript of the testimony and proceedings of the hearing before the Morgan County Criminal Court. The appellants complain that the district judge was in error in dismissing their petition without a hearing.

In our opinion the hearing before and the opinion of Judge Hutson fully complied with the requirements of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. The district judge was fully justified in dismissing the petition without a hearing. We affirm the judgment of the District Court upon the order of Judge Taylor. (Copy of Judge Taylor's order is attached hereto as Appendix A.)

## APPENDIX A

This matter is before the Court on joint petition of Jesse T. Qualls and Gaines E. McLain for a writ of habeas corpus. A like writ was sought in the Criminal Court of Morgan County, Tennessee, and was heard on June 15, 1965 before Judge D. L. Hutson. Petitioners were there represented by Andrew Johnson and E. H. Rayson as court appointed counsel. These attorneys are known to this Court as able, industrious and resourceful lawyers. The proceedings were transcribed by a court reporter at the State's expense and that record is presented here as a narrative bill of exceptions. The record included exhibits at the trial on the merits. It was composed of the trial court record of the pleadings, a long letter by the Trial Judge Fred Bibb and the pleas and a letter from George D. Montgomery, who represented counsel, the Court's order denying the writ and the opinions filed on the appeal therefrom by the Supreme Court of Tennessee on February 18, 1966. All were filed as exhibits to the answer of Warden Russell and all are before this Court on the petition here.

The matters relied upon here are:

(1) That petitioners were denied counsel during the interrogation period after their arrest and were not advised of their right to remain silent,

(2) that they were threatened and verbally coerced into confessing and pleading guilty,

(3) that although they were represented by counsel at the formal trial this was a hollow formality since conviction had already been assured by the interrogation proceedings.

The Court has read every word of the record of the proceedings before Judge Hutson. The trial was unhurried, the inquiry into the same questions presented here were exhaustively explored by petitioners' counsel by direct and cross examination. The exhibits before Judge Hutson have been carefully reviewed. Although there was a conflict in the testimony and other evidential matter as to what occurred at the interrogation and trial this Court is satisfied (1) that petitioners were fully informed of their rights at the interrogation (2) that any alleged confessions which may have been obtained were meaningless since they were not used at the hearing before Judge Bibb and (3) that the petitioners were represented by counsel at the trial, that they pleaded guilty and knew they were doing so, and that the only matter of concern to them was the length of the sentence which was fixed by the Court, with the jury's approval.

In the opinion of the Court, the questions raised here have been thoroughly

reviewed in a plenary hearing in the state court, were there decided against the petitioners, and the Court's order affirmed by the Supreme Court of the State. The Court is further of the opinion that the questions were decided rightly in those proceedings and on the record before it, it must reach the same decision.

It is, therefore, ordered that the petition for writ of habeas corpus be, and the same hereby is, denied.

ROBERT TAYLOR
United States District Judge