244 A.2d 251.

JAMES EDWARD MCPARLIN *vs.* HAROLD V. LANGLOIS,
*Warden.*

JULY 16, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for habeas corpus was
brought to obtain the discharge of the petitioner from the
allegedly unlawful custody of the respondent warden, to
which he was committed after a life sentence was imposed
subsequent to his conviction for murder in the first degree

on February 10, 1961. The record discloses that the petitioner prosecuted a bill of exceptions to this court subsequent to his conviction in the superior court and that all of such exceptions were overruled by this court in our opinion in *State* v. *McParlin*, 101 R. I. 265, 221 A.2d 790. The court in that opinion set forth a comprehensive statement of the facts and circumstances surrounding the murder of one Leo Hallal on January 7, 1960, and of the involvement of the petitioner in that crime. Because of this we deem it unnecessary to extend this opinion by any repetition thereof.

In September 1966, this petitioner in the superior court sought release from such custody on habeas corpus. The petition filed therein alleges some eight grounds relied upon by him to establish violations of his constitutional rights and, in particular, that certain admissions in writing by him made to the state police were obtained by coercion and were involuntary. This petition was heard by a justice of the court who subsequently, on January 20, 1967, filed a decision denying the petition on the ground that the confession was voluntary and admissible.

The court, however, in so ruling, did find affirmatively on two of the eight grounds set forth as establishing violations of his constitutional rights, namely, that "* * * petitioner *was* denied counsel during the interrogation" and that petitioner "* * * *was* interrogated by 'teams' of State Policemen but not for prolonged periods of time." The court concluded, however, that the evidence of circumstances under which the admissions were obtained was insufficient to establish "* * * a totality of circumstances evidencing an involuntary written admission of guilt" within the purview of *Haynes* v. *Washington*, 373 U. S. 503, 514, 83 S. Ct. 1336, 1343, 10 L. Ed. 2d 513, 521, and *Spano* v. *New York*, 360 U. S. 315, 79 S. Ct. 1202, 3 L. Ed. 2d 1265. The court then denied the petition, and thereafter petitioner brought the instant petition in this court, again relying

apparently upon the same eight grounds to establish violations of his constitutional rights.

The petitioner, as we understand him, does not dispute that under the rule laid down in *State* v. *Gannites*, 101 R. I. 216, 221 A.2d 620, the right to counsel and to be advised of the right to remain silent propounded in *Escobedo* v. *Illinois*, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, and *Miranda* v. *Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, is not available to him. What he is urging is that the question as to the voluntariness of his confession may be raised at any time and that the constitutional rights declared in those cases are relevant upon the question of voluntariness. He then appears to be urging that his sporadic interrogation extending over a period of some 45 hours, coupled with his deprivation of his right to the assistance of counsel, warrant this court in holding that under the doctrine of totality of circumstances his admissions subsequently admitted into evidence at the trial were invalid as involuntary. *Haynes* v. *Washington, supra; Darwin* v. *Connecticut*, 390 U. S. 346, 88 S. Ct. 1488, 20 L. Ed. 2d 630.

We are of the opinion, however, that the state has raised a question antecedent to that of whether the doctrine of totality of circumstances should be applied in the instant case. It argues that petitioner's counsel at trial expressly consented to the admission into evidence of the alleged confessions and, therefore, waived any right that petitioner might have to now question their admission.

The record discloses that two documents were introduced into evidence at trial with the express consent of counsel for petitioner. One of these, a statement in the handwriting of petitioner, purported to be an account of how Leo Hallal came to his death. The other, signed by petitioner later in his interrogation, was a series of questions put to him by state police and his answers thereto, which, in substance, did not differ materially from that contained in his

written statement. In *State* v. *McParlin, supra,* 101 R. I. at 272, 273, 221 A.2d at 793, Mr. Justice Powers, speaking for this court, said, referring to the hand written statement, "This statement was admitted into evidence as state's exhibit 57 with the expressed consent of defendant" and, referring to the questions and answers, said: "This second statement, marked state's exhibit 58, was also received in evidence with the expressed consent of defendant. It should be noted that these statements differed sharply with defendant's testimony."

It is clear then that at the trial petitioner's counsel consented expressly to the admission into evidence of the two alleged confessions that petitioner now claims were obtained in violation of his constitutional rights. The effect of such a concession on the part of counsel with respect to the admission of incriminatory statements was considered by this court in *State* v. *Mendes,* 99 R. I. 606, 210 A.2d 50. There we held that even where counsel expressly states that there is no objection to the admission of a purported confession, absent a showing that the defendant participated in the decision not to object to the admission of such confession, the constitutional right of the defendant is not waived.

There is, however, in our opinion, a significant difference between the fact situation in *Mendes* and that with which we are confronted in the instant case. In *Mendes* the record disclosed nothing that would tend to establish that the defendant had participated in counsel's decision to consent to the admission into evidence of the purported confession, and, it is important to note, the defendant did not testify in that case.[1]

In the instant case, however, the record discloses that petitioner did testify at his trial in the superior court and that, as has already been noted, his statements differed

---

[1] In *State* v. *Mendes* the brief of the defendant-appellant at page 6 states: "The defendant did not take the witness stand."

sharply from his testimony. In *Commonwealth ex rel. Pomales* v. *Myers,* 418 Pa. 369, 211 A.2d 483, where a confession was admitted with the express consent of counsel and the defendant thereafter testified, and his testimony was identical with the statements contained in the alleged confession, in a concurring opinion Roberts, J., states that his conduct in so doing made "* * * an extremely strong showing of acquiescence by petitioner in the introduction of his confession and waiver of objection." 418 Pa. 372, 211 A.2d 485.

We are of the opinion that the testimony of petitioner in the superior court contradicting the statements contained in his alleged confessions constituted a strong showing of acquiescence in the action of his counsel in admitting those confessions into evidence without objection thereto as being involuntary. It seems to us that in the instant case petitioner at the time intended to emphasize the issue of his credibility and to attack the weight that should be given to the alleged confessions. It is obvious, in our opinion, that a decision to so emphasize the issue of credibility in a criminal trial was clearly one relating to a trial strategy which rested upon the introduction of the alleged confessions into evidence. In the circumstances we are constrained to view such action as constituting participation by petitioner in the conduct of his counsel at that trial in admitting the confessions without objection and a waiver of objection to the introduction of the confessions on the ground that they were taken in violation of his constitutional rights.

The conclusion which we have here reached is buttressed, in our opinion, by the language of the court found in *Fay* v. *Noia,* 372 U. S. 391, 439, 83 S. Ct. 822, 849, 9 L. Ed. 2d 837, 869, where the court said: "If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking

to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits — though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default." In our opinion, on the facts of this case the petitioner did participate in a deliberate decision of his counsel that his trial strategy be to by-pass the state procedure for testing voluntariness of his confession in order to put his own credibility into issue. See also *Henry* v. *Mississippi*, 379 U. S. 443, 85 S. Ct. 564, 13 L. Ed. 2d 408.

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent warden in accordance with the superior court's order of commitment.

JOSLIN, J., whom KELLEHER, J., joins, concurring. At trial the petitioner's two confessions were admitted without objection, and now on habeas corpus he argues that they were coerced and therefore inadmissible. The majority do not reach his contention, but decide instead that petitioner, by taking the stand and testifying, acquiesced in his counsel's trial strategy and thereby waived his right to assert his constitutional claims. I agree with their result, but not for the reason given.

Obviously, the majority seek to avoid a strict application of *State* v. *Mendes*, 99 R. I. 606, 210 A.2d 50. In that case a majority held that a claim under *Escobedo* v. *Illinois*, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, could not be waived by counsel's failure to interpose objection, unless the record affirmatively indicated that the accused participated in that decision. I dissented. It was then and is now my opinion that save in exceptional circumstances, a

conscious, deliberate and intentional failure by competent counsel as a part of his trial strategy to interpose contemporaneous objection to the admission of a confession will preclude the accused from arguing, even in post-conviction proceedings, that his constitutional rights were violated. 99 R. I. at 621, 210 A.2d at 59. To the same effect is *Nelson* v. *California*, 346 F.2d 73, where the constitutional claim was addressed to evidence allegedly the product of an illegal search and seizure, rather than to a confession. The court relying on and quoting *Henry* v. *Mississippi*, 379 U. S. 443, 85 S.Ct. 564, 13 L. Ed. 2d 408, the case on which I principally relied in my dissent in *Mendes*, said at 81, that "* * * counsel's decision, although made 'without prior consultation with an accused,' to by-pass the contemporaneous-objection rule as part of trial strategy, will nevertheless 'preclude the accused from asserting constitutional claims * * *.' " Expanding on its conclusion the court gave as its reasons:

> "* * * that only counsel is competent to make such a decision, that counsel must be the manager of the lawsuit, that if such decisions are to be made by the defendant, he is likely to do himself more harm than good, and that a contrary rule would seriously impair the constitutional guaranty of the right to counsel. * * * One of the surest ways for counsel to lose a lawsuit is to permit his client to run the trial. We think that few competent counsel would accept retainers, or appointment under the Criminal Justice Act of 1964, to defend criminal cases, if they were to have to consult the defendant, and follow his views, on every issue of trial strategy that might, often as a matter of hindsight, involve some claim of constitutional right."

Because I do not give *Mendes* the broad sweep of an absolute requirement of prior consultation between counsel and client whenever a constitutional claim arises, I need not resort to the accommodation of finding acquiescence, as do the majority in petitioner's testifying, but instead rest denial of relief directly on counsel's failure to object.

There was no need for him to engage in discussion with his client on this tactic inasmuch as it was his business to decide when and under what circumstances to interpose objections. There being evidence suggesting that his failure to object was in this instance dictated by reasons of trial strategy, his deliberate choice, so long as competent and made in good faith, bound the petitioner.

Motion for reargument denied.

*James Cardono,* Public Defender, *William F. Reilly,* Special Counsel to Public Defender, for petitioner.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for respondent.