**James E. McPARLIN, Petitioner,**

v.

**Harold V. LANGLOIS, Warden of Adult Correctional Institutions, Respondent.**

**Civ. A. No. 3992.**

United States District Court
D. Rhode Island.

April 15, 1969.

William F. Reilly, Providence, R. I., for petitioner.

Richard J. Isreal, Donald P. Ryan, Asst. Attys. Gen., Providence, R. I., for respondent.

## OPINION

DAY, Chief Judge.

This is a petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 et seq. The petitioner is now serving a life sentence in the Rhode Island Adult Correctional Institutions at Howard, Rhode Island, and is in the custody of the respondent as the warden thereof. Said life sentence was imposed upon him by the Superior Court of the State of Rhode Island on February 3, 1965, following his conviction for murder in the first degree by a jury on February 10, 1961. He seeks to be released from the alleged unlawful custody of the respondent to which he was committed after the imposition of said life sentence.

In his petition he alleges that he is presently serving a life sentence for murder in the first degree which was imposed on him on February 3, 1965; that he now is confined in the Adult Correctional Institution (sic) at Howard, Rhode Island in the custody of the respondent; that the sentence pursuant to which he is now detained was imposed in violation of the Fourteenth Amendment to the Constitution of the United States in that the petitioner was deprived of his right to counsel and an involuntary confession was admitted into evidence during his trial; that petitioner was arrested on August 11, 1960 at 1:15 A.M. and was in continuous custody of Rhode Island State Police until his arraignment at 10:00 or 10:30 P.M. on August 12, 1960; that while in custody he was "(a) threatened by the State Police, (b) struck by members of the State Police, (c) denied counsel during the interrogation, (d) denied medications unless he cooperated, (e) subjected to coercive pressures during the interrogation, (f) told he would be shot, (g) interrogated by teams of State Policemen for prolonged periods of time, (h) handcuffed to his cell with his hands extended over his head for a period of twelve hours"; that he has exhausted his

state remedies and that he is being restrained of his liberty by the respondent in violation of the Constitution of the United States.

Annexed to said petition are copies of the opinions of the Supreme Court of Rhode Island in State v. McParlin, 1966, 101 R.I. 265, 221 A.2d 790, and McParlin v. Langlois, 1968 (R.I.) 244 A.2d 251.

In his answer the respondent admits that the petitioner is in his custody by virtue of said life sentence imposed upon him on February 3, 1965. He further alleges that petitioner filed a petition for a writ of habeas corpus in the Superior Court of Rhode Island based upon the same grounds as are alleged in the instant petition; that after a lengthy hearing said petition was denied and that a transcript of the evidence introduced during said hearing is available for examination. In said answer he denies that the petitioner is being unlawfully detained.

Annexed to said answer are copies of the decision of said Superior Court in McParlin v. Langlois, docketed as M.P. No. 7173 in the files of said Superior Court and of the mittimus under which petitioner was committed to said Adult Correctional Institutions on February 3, 1965.

The records of the defendant's case in the Courts of the State of Rhode Island show that after the rendition of said guilty verdict by the jury the petitioner filed a motion for a new trial which was subsequently denied by the trial justice. After his sentence on February 3, 1965, he sought review of his conviction and sentence by prosecuting a bill of exceptions to the Supreme Court. During said trial and in the presentation of his exceptions to the Supreme Court petitioner was represented by competent and experienced counsel. All of his exceptions were overruled by said Supreme Court in its opinion in State v. McParlin, 1966, 101 R.I. 265, 221 A.2d 790. In that opinion there is a comprehensive statement of the facts and circumstances surrounding the murder of one Leo Hallal on January 7, 1960 and of the involvement of the petitioner therein.

Said records further show that in September, 1966 after the rendition of said opinion in State v. McParlin, supra, the petitioner filed a petition for a writ of habeas corpus in said Superior Court seeking his release from the custody of the respondent. In said petition the petitioner relied upon the same eight grounds upon which he relies in the instant petition to establish violation of his constitutional rights and in particular that certain admissions in writing (constituting confessions) made by him to the State Police of the State of Rhode Island, while in their custody, were obtained by coercion, were involuntary, and hence not properly admissible into evidence during his trial.

After a protracted hearing during which the petitioner and twenty-five witnesses testified, Justice Murray of said Superior Court, after an obviously careful and detailed analysis of all of the evidence presented, concluded that the evidence of the circumstances under which said admissions were obtained was insufficient to establish " * * * a totality of circumstances evidencing an involuntary written admission of guilt" within the scope of Haynes v. Washington, 1963, 373 U.S. 503, 514, 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513, and Spano v. New York, 1959, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265, and in a written decision filed on January 20, 1967, denied said petition on the ground that petitioner's confessions were voluntary and properly admissible into evidence at his trial.

Shortly thereafter the petitioner filed a similar petition for a writ of habeas corpus, seeking identical relief, in the Supreme Court of Rhode Island. In said Petition he relied upon the same eight grounds to establish violations of his constitutional rights. After an examination of the transcript of his trial, the Supreme Court found it unnecessary to determine whether the doctrine of totality of circumstances should be applied to determine whether said alleged confes-

sions were properly admitted into evidence. In denying said petition the Supreme Court held that it was clear from the transcript of the evidence at petitioner's trial that said alleged confessions were admitted into evidence with the express consent of counsel for the defendant as a matter of trial strategy and that the petitioner participated in said strategy by taking the stand and testifying with respect to them in order to put his own credibility in issue and that he waived any objection to their introduction into evidence on the ground that they were obtained from him in violation of his constitutional rights. McParlin v. Langlois, supra. In this connection it is to be noted that the petitioner has never claimed in any of his petitions for a writ of habeas corpus that his counsel consented to their admission into evidence without his consent, without prior consultation with him or over his objection.

I have carefully read the entire transcript of the evidence presented during petitioner's jury trial. Said transcript discloses that two documents, verbatim copies of which appear in said transcript, were introduced into evidence with the express consent of petitioner's counsel. One of these, a statement in the handwriting of the petitioner, purported to relate the circumstances under which Leo Hallal came to his death. The other, signed by petitioner later in his interrogation, consisted of a series of questions put to him by the state police and his answers thereto which did not differ materially from his own handwritten statement.

Said transcript shows that the petitioner while under cross-examination explicitly disavowed any claim that his handwritten statement was the result of any police brutality or threats. He stated explicitly that he made said statement so that the state police would not place any charge against Joan Hallal, the wife of said Leo Hallal, with whom, prior to the latter's murder, he had been carrying on an illicit relationship.

I have also carefully reviewed the transcript of the testimony presented during said protracted hearing in said Superior Court on the petitioner's petition for a writ of habeas corpus, and the decision of Justice Murray wherein her findings of fact and conclusions of law are explicitly set forth.

■ After this review, it is my considered judgment that the factual issues relating to petitioner's claim that said confessions were coerced and involuntary were resolved in said State Court proceeding after a full and fair hearing which resulted in reliable findings of the material facts that are amply supported by the evidence. I am also satisfied that petitioner's rights were fully heard and correctly determined in said proceeding in accordance with federal law. Under the circumstances, the petitioner is not entitled to another plenary hearing in this Court on the same issues. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Morris v. Boles, 1967, 4 Cir., 386 F.2d 395, 397; Qualls v. Russell, 1967, 6 Cir., 379 F.2d 314; U. S. ex rel. Lo Piccolo v. LaVallee, 1967, 2 Cir., 377 F.2d 221; Wade v. Yeager, 1967, 3 Cir., 377 F.2d 841.

■ I find and conclude that the petitioner was not deprived of his constitutional rights by the admission of said confessions into evidence during his trial and that he is not being unlawfully detained by the respondent.

Accordingly, his petition for a writ of habeas corpus must be and it is denied.