## Commonwealth v. Stabinsky

*W. Alan Williams,* Assistant District Attorney, for Commonwealth.

*Anthony J. Urban,* Assistant Public Defender, for defendant.

DALTON, J., December 31, 1969.—This is a proceeding under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 PS §1180-1, et seq.

Defendant was indicted on charges of burglary and larceny. At his trial before a jury, he was represented by court-appointed counsel. He was found not guilty of larceny but guilty of burglary. On the burglary count, he was sentenced to imprisonment for not less than 15 months nor more than 36 months. No post trial motions were filed, and no appeal was taken.

On November 7, 1968, while still in custody, defendant filed the present post conviction petition. Hearings were held thereon, but before the matter could be judicially determined, defendant's maximum sentence expired and he was discharged from custody. Nevertheless, he is still asking for a decision upon his petition, in the hope that if granted a new trial, he

might be able to have the criminal conviction against him removed.

The initial question to be decided is whether the matter has become moot. It was formerly the law of Pennsylvania that a criminal conviction could not be attacked after the sentence had been fully served. However, following the decision of the Supreme Court in Commonwealth ex rel. Ulmer v. Rundle, 421 Pa. 40, the Superior Court held in Commonwealth ex rel. Ackerman v. Russell, 209 Pa. Superior Ct. 467, 472 that, "the argument of expiration of sentence no longer prevents an attack on the sentences which have expired."

The Supreme Court of the United States has also recently held that expiration of the sentence before final decision of a Federal habeas corpus petition did not divest the court of jurisdiction nor render the matter moot: Carafas v. LaVallee, 391 U. S. 234, 20 L. Ed. 2d 554, decided May 20, 1968. In that case, petitioner had been convicted of burglary and larceny in a New York State court. While in custody under sentence, he filed a petition for habeas corpus in a Federal district court, which dismissed his petition. His appeal to the Court of Appeals for the Second Circuit was also dismissed. On March 6, 1967, his sentence expired and he was discharged. Nevertheless, on March 20, 1967, he filed a petition for certiorari in the United States Supreme Court. Certiorari was granted. After argument, the court held that the matter had not become moot by reason of the expiration of the sentence. The court pointed out that the conviction carried "collateral consequences" in the nature of certain civil disabilities under New York law, which would prevent him, inter alia, from engaging in certain businesses, and that he would also be barred by Federal law (73 Stat. 536, 29 U. S. C. A. §504) from serving as an official of a labor union for a specified

period of time. Because of these "collateral consequences," the court held that the case had not become moot. See also Ginsberg v. New York, 390 U.S. 629, 20 L. Ed. 2d 195.

Conviction of a felony in Pennsylvania also entails certain disabling civil consequences. For example, a person convicted of a felony may be denied a liquor or malt beverage license for a period of five years subsequent to conviction: Liquor Code of April 12, 1951, P. L. 90, secs. 404 and 432, 47 PS §§4-404 and 4-432. Likewise, a person convicted of certain offenses, including burglary, may not be licensed as a real estate salesman or broker for a period of five years: Act of May 1, 1929, P. L. 1216, sec. 11(g), as amended, 63 PS §441(g). Conviction of any "crime involving moral turpitude" would disable a person from being licensed as a motor vehicle salesman for three years: Act of September 9, 1965, P. L. 499, sec. 5, as amended, 63 PS §805. No doubt, there are many other occupations from which a convicted felon would be barred, directly or indirectly, by statute, and, in any event, the fact of conviction would obviously be a handicap in obtaining employment in many kinds of occupations.

We, therefore, conclude that the expiration of defendant's sentence has not divested this court of jurisdiction and that the matter is not moot.

Coming now to the merits, defendant raises three contentions.

His contention concerning lack of counsel at his preliminary hearing is without merit, because a preliminary hearing is not a "critical stage" in Pennsylvania's criminal procedure: Commonwealth ex rel. Booker v. Maroney, 424 Pa. 394.

Likewise, there is no merit to his contention that his acquittal of the charge of larceny also entitled him to an acquittal of burglary. Consummation or execution of the intent to steal is not necessary to complete the

offense of burglary: Commonwealth v. Procopio, 200 Pa. Superior Ct. 226.

However, there is merit to defendant's final contention, which is that he was never advised of his right to file any post trial motions, and that he was never informed of his right to appeal. There is no record of any interrogation of defendant at the time sentence was imposed.

Following this testimony by defendant, the Commonwealth requested, and was granted, a continuance, for the purpose of rebuttal. When the case was again called for hearing, the assistant district attorney stated that the Commonwealth did not wish to call any witnesses to rebut defendant's testimony.

The Supreme Court of Pennsylvania has held that where the trial record is silent on the issue of waiver, as it is here, the Commonwealth has the burden to show not only that a defendant was told, or knew, of his absolute right to appeal, but also that he knew he could have counsel for this appeal, and, if indigent, that he could have free counsel: Commonwealth v. Zaffina, 432 Pa. 435, 439. It is clear that the Commonwealth has failed to sustain its burden of proof.

We shall, therefore, vacate the judgment of sentence, upon condition that defendant file appropriate post trial motions within 60 days from this date.

## ORDER

And now, December 31, 1969, the judgment of sentence heretofore entered is vacated, upon condition that defendant file a post trial motion or motions within 60 days from this date.