James E. McPARLIN, Petitioner, Appellant,

v.

**WARDEN OF ADULT CORRECTIONAL INSTITUTION, Respondent, Appellee.**

No. 7354.

United States Court of Appeals First Circuit.

Dec. 16, 1969.

William F. Reilly, Providence, R. I., for petitioner-appellant.

Donald P. Ryan, Asst. Atty. Gen., with whom Herbert F. DeSimone, Atty. Gen., was on brief, for respondent-appellee.

Before ALDRICH, Chief Judge, WOODBURY,* Senior Circuit Judge, and McENTEE, Circuit Judge.

---

* By Special Designation.

WOODBURY, Senior Circuit Judge.

James Edward McParlin was indicted, tried by jury on plea of not guilty, convicted and sentenced in the Superior Court of Rhode Island to life imprisonment for murder in the first degree. The Supreme Court of Rhode Island overruled his exceptions and remitted the case to the Superior Court for further proceedings. State v. McParlin, 101 R.I. 265, 221 A.2d 790 (1966). He then petitioned the Superior Court of Rhode Island for a writ of *habeas corpus* on the ground that two written confessions introduced at his criminal trial were not given voluntarily but had been coerced. Specifically he alleged that during his interrogation he was threatened by the police, that he was struck by different members of the State Police, that he was denied counsel, that he was denied needed medication, that he was told he would be shot if he did not tell the truth, that he was subjected to coercive mental pressures, that he was interrogated by teams of state policemen for prolonged periods of time and that he was handcuffed to the bars of his cell with his hands over his head for twelve hours. The Superior Court granted the writ, had him brought into court and gave him a full evidentiary hearing lasting several days at which he was represented by counsel.

At this hearing McParlin testified at length in support of his allegations and introduced the testimony of nine other witnesses the burden of whose testimony was that, when he was admitted to the Rhode Island Adult Correctional Institution after his arraignment at 10 or 10:30 P.M. on August 12, 1960, some forty-five hours after his arrest at about 1:15 A.M. on August 11, 1960, he walked with a limp and a stoop and appeared to be a cripple.[1] McParlin admitted, however, that some six months before his arrest he had been involved in an automobile accident which caused injury to his back for which he had been hospitalized and given physiotherapy and medication. The state introduced the testimony of twelve witnesses at the trial, most of them the state police officers who had been involved in McParlin's arrest, detention and interrogation who were charged with abusive treatment. These witnesses categorically denied that they had subjected McParlin to any physical abuse or coercive mental pressures of any kind but that his statements were freely volunteered. They admitted, however, that they had questioned McParlin but denied that they had operated in teams or that they had questioned him for extended periods of time. They also admitted that they had not told McParlin of his constitutional right to remain silent or his right to the presence of counsel, court appointed if necessary, or that anything he might say could be used against him. At the conclusion of the evidence McParlin in answers to questions by the court expressed himself as fully satisfied that all the testimony he wished to produce had been presented and that he was entirely satisfied with the way his counsel had presented his case.

Following the hearing the Superior Court filed a lengthy opinion to be discussed in detail hereinafter as a result of which it denied McParlin's petition.

McParlin's next step—*habeas corpus* cases are not appealable in Rhode Island, § 10–9–22, G.L. of R.I., 1956 [2]—was to apply to the Supreme Court of Rhode Island for *habeas corpus* on the same grounds previously advanced in the Superior Court. That court denied and dismissed his petition, quashed the writ it had previously issued and remanded McParlin to custody for the reason that the confessions of which he complained were admitted at his trial for strategic or tactical reasons without objection by

---

1. McParlin also introduced the testimony of four more witnesses in rebuttal.

2. "No appeal * * * shall lie to the judgment of the superior court in habeas corpus; but if the superior court shall remand the person imprisoned * * * such judgment shall not bar an application to the supreme court . * * * for another writ upon the same facts."

his counsel and at least with his tacit personal consent.

McParlin then applied to the United States District Court for the District of Rhode Island for *habeas corpus* on the same grounds advanced before in the state courts. The District Court denied McParlin's application for *habeas corpus* without giving him a hearing, but not for the reasons given by the Supreme Court of Rhode Island. The District Court in its decision recited that a thorough examination of the records of both McParlin's criminal trial and trial on *habeas corpus* convinced it that McParlin had been given a full and fair hearing in the Rhode Island Superior Court resulting in reliable findings of material facts that were amply supported by the evidence. It said that it was "satisfied that petitioner's rights were fully heard and correctly determined" in the Rhode Island trial court, wherefore under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), he was not entitled to another evidentiary hearing on the same issues in the District Court. It therefore dismissed McParlin's application for *habeas corpus* and he took this appeal. We agree with the District Court and affirm its judgment.

The Rhode Island Superior Court in McParlin's *habeas corpus* case wrote a long opinion in which it fully and we think correctly articulated the constitutional standards which it applied and, summarizing the testimony of each of McParlin's witnesses, made specific findings of fact based upon its valuation of the relative credibility of all the witnesses on each one of McParlin's allegations. It found that during his interrogation McParlin was not threatened by the police, that he was not struck by any of them, that he was not denied needed medication, that he was not told he would be shot if he did not tell the truth, that he was not subjected to coercive mental

pressures and that he was not handcuffed to the bars of his cell as he asserted. It did find, however, that McParlin had been denied counsel during his interrogation and that he had been interrogated by "teams" of state policemen but not for prolonged periods of time. It made no finding as to whether McParlin had been advised of his rights in accordance with the rules laid down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[3]

■ McParlin is not entitled to relief under the rules established by the Court in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), denial of access to counsel during police interrogation after arrest, or Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966), warning of constitutional rights to remain silent, and that anything he may say may be used against him and to have counsel present, court appointed if necessary. The reason for this is that his criminal trial began on January 23, 1961, years before either of these cases were decided and the Court in Johnson v. New Jersey, 384 U.S. 719, 721, 86 S.Ct. 1772, 1775, 16 L.Ed.2d 882 (1966), said: "We hold that *Escobedo* affects only those cases in which the trial began after June 22, 1964, the date of that decision. We hold further that *Miranda* applies only to cases in which the trial began after the date of our decision one week ago."[4] Although failure to comply with the *Escobedo* and *Miranda* rules is not controlling, those failures are, however, relevant on the issue of the voluntariness of a confession, Darwin v. Connecticut, 391 U.S. 346, 349, 88 S.Ct. 1488, 20 L.Ed.2d 630 (1968); Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); Clewis v. Texas, 386 U.S. 707, 709, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); failure to comply with the *Escobedo* and *Miranda* rules is an ele-

3. Although the police officers testified that they had not given McParlin the *Miranda* warnings the then Attorney General of Rhode Island testified that he gave McParlin those warnings when he talked

with him about 1:00 P.M. on the day of his arrest, August 11, 1960.

4. That is to say, June 13, 1966.

**10**

ment of the "totality of circumstances," Clewis v. Texas, *supra*, 386 U.S. at page 708, 87 S.Ct. 1338 and cases cited, to be considered in deciding the basic question whether the accused's will was overborne at the time he confessed or whether his confession was made freely, voluntarily and without compulsion or inducement of any sort. Haynes v. Washington, 373 U.S. 503, 513, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963), and cases cited. This is the test articulated and applied by the Rhode Island Superior Court in McParlin's *habeas corpus* case.

We are not concerned here with an impoverished Negro with a third or fourth grade education as in Davis v. North Carolina, 384 U.S. 737, 742, 86 S.Ct. 1761 (1966). Nor are we concerned with a person of subnormal mentality, or a youthful offender, or a naive and impressionable one, as in the cases cited by Mr. Justice Clark in his dissent in Haynes v. Washington, 373 U.S. 503, 522, 83 S.Ct. 1336 (1963). Instead we are concerned with a healthy man of mature years with a high school education, who was a salesman by occupation, who impressed the state trial court as "intelligent, alert, observant and tenacious" and as one who gave the impression from the manner in which he gave his testimony as not tiring easily.

An independent examination of the voluminous record in the state *habeas corpus* case and of the court's lengthy and detailed opinion therein convinces us that McParlin was there given a full and fair trial on the issues he tendered and that the court gave his allegations careful and thorough consideration and made express findings of fact on each allegation which are amply supported by the evidence.

There is no suggestion that *habeas corpus* procedure in Rhode Island is not adequate to provide a full and fair hearing, nor is there any suggestion of newly discovered evidence. It appears from the record that the material facts were adequately developed in the state court *habeas corpus* proceeding, that the

merits of the factual dispute were there fully resolved and that the state court's factual determinations were fairly supported by the evidence. No reason appears to believe that the state trier of the facts did not afford McParlin a full and fair fact hearing. Under these circumstances the court below did not abuse its discretion in refusing to give McParlin another fact hearing on his allegations. Townsend v. Sain, 372 U.S. 293, 312 et seq. 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Affirmed.