Gerard Thomas **OUIMETTE**

v.

Francis A. **HOWARD, Warden, Adult Correctional Institution, et al.**

Civ. A. No. 4599.

United States District Court,
D. Rhode Island.

Feb. 29, 1972.

Raymond J. Daniels, Charles Butterfield, Jr., Providence, R. I., for petitioner.

Richard J. Israel, Atty. Gen., State of R. I., Donald P. Ryan, Asst. Atty. Gen., Providence, R. I., for respondents.

## OPINION

DAY, District Judge.

This is a petition for a writ of habeas corpus filed pursuant to the provisions of Title 28 U.S.C. § 2254 et seq. The petitioner is now serving a term of five (5) years in the Rhode Island Adult Correctional Institution at Howard, Rhode Island, and is in the custody of the respondent Francis A. Howard as warden thereof. Said sentence was imposed upon him by the Superior Court of the State of Rhode Island on May 29, 1969, following his conviction for possession of a firearm after his conviction of a crime of violence in violation of the provisions of Section 11–47–5 [1], as amended, of the General Laws of Rhode Island, 1956. He seeks to be released from the alleged unlawful custody of the respondent to which he was committed after the imposition of said sentence.

In his petition he claims that his conviction is based solely and entirely upon the alleged observations of certain officers of the Rhode Island State Police following their unlawful trespassory entry into obviously marked private premises without adequate legal justification therefor. He alleges that his rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated during his trial by the rulings of the trial Justice in admitting into evidence the testimony of said police officers as to observations made by them and certain exhibits., including said firearm, all of which he claims resulted from an illegal search and seizure.

The records of the proceedings in the Superior Court show that prior to his trial the defendant filed a motion to suppress as evidence the testimony of said police officers as to observations made by them prior to the arrest of the petitioner and said exhibits. I have carefully considered the transcript of the hearing on said motion to suppress which was denied by a Justice of said Superior Court. After his sentence on May 28, 1969, petitioner prosecuted a bill of exceptions to the Supreme Court of Rhode Island from the denial of his motion to suppress and to numerous evidentiary rulings during his trial, and to certain instructions as given by the trial Justice and to the denial of certain requested instructions. All of said exceptions were overruled by said Supreme Court in its opinion in State v. Ouimette, 274 A.2d 732 (R.I.1971).

The transcript of the petitioner's trial in said Superior Court has also been made available to me for my examination. The evidence adduced during said hearing upon petitioner's motion to suppress and during his trial establishes that on January 8, 1968 the petitioner left a 1967 white Cadillac automobile, parked illegally on DePasquale Avenue, in the City of Providence, and in front of a building, a portion of which was rented to the 13th Ward Independent Club, chartered by the State of Rhode Island, for the purpose of advancing the social, economic and political betterment of the 13th ward.

It is undisputed that the petitioner, after leaving said automobile, entered the portion of the building occupied by said 13th Ward Independent Club. While said automobile was thus parked illegally, Detectives Vespia and Cunningham of the Rhode Island State Police came upon the scene. Detective Vespia recognized the Cadillac as customarily driven by the petitioner. On two previous occasions he had found said car parked illegally in the vicinity of said club and on those occasions had entered said club unchallenged for the purpose of requesting the petitioner to move said car. On one of these occa-

1. As amended said section in pertinent part reads as follows:

"*11–47–5. Possession of arms by person convicted of a crime of violence or who is a fugitive from justice.*—No person who has been convicted in this state or elsewhere of a crime of violence or who is a fugitive from justice shall purchase, own, carry, transport or have in his possession or under his control any firearm. . . ."

sions the latter had personally moved said Cadillac; on the other, he had given the keys thereto to a third person for that purpose. Relying on his previous experience, Detective Vespia, accompanied by Detective Cunningham, opened the door to said club, it being unlocked, and entered said club for the purpose of notifying the petitioner to move said car which was obstructing traffic on a public highway.

The evidence also establishes that petitioner was well known to said detectives and that they were fully aware that he had a criminal record which included a conviction of a crime of violence.

The evidence futher establishes that immediately on entering said club, said detectives observed the petitioner and one Anthony Caruso standing at the bar on said premises with their backs to them. They saw Caruso pass a gun to the petitioner who then turned in such a manner as to point said gun in the direction of the detectives. They thereupon rushed toward the petitioner, who then tossed said gun away, with the result that it landed on a case of soda located near said bar. Detective Vespia immediately seized the petitioner, handcuffed him, gave him the Miranda warnings and placed him under arrest for a violation of the provisions of said Section 11–47–5, as amended, of the General Laws of Rhode Island, 1956. Said gun, after being removed by the police from said soda case, was examined visually, photographed and then impounded as evidence.

The arrest of the petitioner was made on the authority of Section 12–7–4(b) of the General Laws of Rhode Island, 1956 which provides that a peace officer may, without a warrant, arrest any person who is committing a felony in his presence. A violation of said Section 11–47–5, as amended, is a felony under the laws of Rhode Island.

■■ Petitioner makes no claim that said detectives entered said club for the purpose of arresting him. It is undisputed that they entered it solely for the purpose of notifying him that said Cadillac was parked illegally, that it was blocking traffic, and for no other purpose. It was clearly their duty to do so. Such illegal parking was a misdemeanor under the provisions of Sections 31–21–4(12) and 31–21–7 of the General Laws of Rhode Island, 1956. It is well settled that when the performance of his duty requires an officer of the law to enter upon private property has conduct, otherwise a trespass, is justifiable. United States v. Sterling, 369 F.2d 799 (3rd Cir. 1966); Giacona v. United States, 257 F.2d 450 (5th Cir. 1958); 87 C.J.S. Trespass § 54. From his past experience Detective Vespia was warranted in believing that it was proper for him to enter said club to direct the petitioner to remove said Cadillac from the place where it was parked illegally.

In my opinion it cannot reasonably be said that his entry into said club was other than justifiable under the circumstances then existing. Upon his entry he immediately saw the petitioner come into possession of a gun in violation of the provisions of § 11–47–5 of said General Laws of Rhode Island, 1956. I concur in the conclusion of the Supreme Court of Rhode Island, stated in its opinion in State v. Ouimette, supra, 274 A.2d at page 735:

> "It would make a mockery of law enforcement to hold that under such circumstances, as are here present, that what can reasonably be argued to be a meritorious entry by the police officers, cloaks the perpetration of an open commission of a felony with constitutional immunity from arrest."

■ After a careful review of the transcript of the testimony presented during said hearing on the petitioner's motion to suppress evidence and of the transcript of the evidence presented during his trial, it is my considered judgment that petitioner's rights were fully heard and correctly determined in said proceedings in accordance with federal law. Under the circumstances, the peti-

tioner is not entitled to another plenary hearing in this Court on the same issues. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); McParlin v. Warden of Adult Correctional Institution, 419 F.2d 7 (1st Cir. 1969); Morris v. Boles, 386 F.2d 395 (4th Cir. 1967); Qualls v. Russell, 379 F.2d 314 (6th Cir. 1967).

I find and conclude that the petitioner was not deprived of his constitutional rights by the admission of said testimony and exhibits during his trial and that he is not being unlawfully detained by the respondent.

Accordingly, his petition for a writ of habeas corpus must be and it is denied.